PEOPLE v. GIOVANNANGELI.

CRIMINAL LAW—EVIDENCE—STATEMENT MADE AFTER COMMISSION OF OFFENSE NO PART OF RES GESTÆ.

In a prosecution for manslaughter, a statement made by defendant in an effort to free himself from suspicion several hours after the commission of the offense, and

after his arrest, was properly excluded by the trial judge
as self-serving; it not having been made under such cir-
cumstances as entitled it to be admitted as a part of the
*res gestæ.*[1]

Error to recorder's court of Detroit; Keidan (Harry
B.), J.    Submitted April 16, 1925.    (Docket No.
105.)    Decided June 18, 1925.

Candido Giovannangeli was convicted of man-
slaughter, and sentenced to imprisonment for not less
than 2½ nor more than 15 years in the State prison
at Jackson.    Affirmed.

*Anthony Maiullo,* for appellant.

*Andrew B. Dougherty,* Attorney General, *Robert M.
Toms,* Prosecuting Attorney, and *Frank B. Ferguson,*
Assistant Prosecuting Attorney, for the people.

BIRD, J.    The defendant was charged with murder,
and convicted of manslaughter.    His counsel makes
but one complaint in this court.    This complaint is
based upon the refusal of the trial court to admit a
statement in evidence which defendant made to the
prosecutor on the night of the murder at police head-
quarters.    From the record it appears that defendant
was boarding with Louis Rossi, the deceased.    Rossi
had other boarders.    On the evening of November
25, 1923, defendant, with other boarders, engaged in
an Italian card game.    They played cards and drank
wine until a late hour.    When Rossi came home from
his work about midnight he joined the party and
defendant withdrew..    Defendant then began to
wrestle with another boarder.    Mrs. Rossi tried to
quiet them.    Failing in this she attempted to enter
the room where they were.    In doing so she broke
the glass in the door and cut her hand.    A controversy
followed in which defendant was censured by Angelo

[1]Criminal Law, 16 C. J. §§ 1116, 1265.

Rossi, Mrs. Rossi's brother, for causing the injury to Mrs. Rossi. Defendant went to his room and came back and began shooting at Rossi and Angelo, his brother-in-law. Rossi lived only a short time. Angelo was badly injured, but recovered, and was a witness at the trial.

Among other defenses, it was insisted that defendant was so completely under the influence of wine that he was insane and incapable of forming an intent.

After the shooting, defendant left the house and went to the 10th precinct police station and reported the shooting. He returned with the police and remained outside while they investigated. After investigating, they came out and arrested defendant and took him to the police station. Later he was transferred to the central station where he made a statement to the prosecutor and it was taken stenographically and afterwards transcribed. Defendant was desirous of having the statement admitted in evidence, but the court refused to admit it on the ground that it was a self-serving statement.

Some questions are raised whether the statement was properly offered, or whether it was ever offered in evidence. Passing over these technical objections, we will proceed directly to consider the meritorious question whether the statement was admissible.

The statement is by question and answer and, in substance, defendant states therein that he is 31 years of age; that he boarded with Mrs. Rossi, and that she had other boarders; that on the night of the shooting defendant and other boarders were playing cards, not for money but for wine. Soon after midnight Rossi returned from his work and engaged in the card game; that he did not do the shooting and did not know who did it, but afterwards stated that Tona Rea did the shooting; that he had no gun, and never had one. He denied that he was drunk, but admitted

that he had drunk two glasses of wine; that a fight preceded the shooting; that he was in bed at that time; that he got up and came out to see what the trouble was; that he wanted to see his lawyer Maiullo to-morrow.

The rule which admits hearsay statements as a part of the *res gestæ* of a transaction is commented on in R. C. L., as follows:

"Time is not necessarily a controlling element or principle in the matter of *res gestæ*.     The general rule is that declarations sought to be proved must have been contemporaneous with the event established as the principal act; but in order to constitute declarations a part of the *res gestæ* it is not necessary that they shall have been precisely coincident in point of time with the principal fact.     If they sprang out of the principal fact, tend to explain it, were voluntary and spontaneous, and made at a time so near it as to preclude the idea of deliberate design, they may be regarded as contemporaneous, and are admissible in evidence.     Declarations made immediately preceding a particular litigated act, which tend to illustrate and give character to the act in question, are admissible as part of the *res gestæ*.     A declaration, however, which is merely a narrative of a past occurrence, though made ever so soon after the occurrence, is not a part of the *res gestæ*, and cannot be received in evidence."     10 R. C. L. p. 978.

"The declarations of a party may be evidence for himself, as a part of the *res gestæ*, when they accompany and explain his actions; but not when they are mere self-serving declarations and do not accompany the acts in issue, but are made at a place distant from it."     *Id.* p. 980.

This court has approved in two recent cases a rule by which such statements may be tested.

"It is well established by the authorities that the only conditions upon which such statements will be allowed in evidence are (1) That there is a startling occasion, startling enough to produce nervous excitement, and render the utterance spontaneous and un-

reflecting; (2) that the statement must have been made before there has been time to contrive and misrepresent, and (3) the statement must relate to the circumstances of the occurrence preceding it." *Rogers* v. *Railway Co.*, 187 Mich. 490; *Stone* v. *Sinclair Refining Co.*, 225 Mich. 344.

See, also, *Hyatt* v. *Leonard Storage Co.*, 196 Mich. 337.

Tested by these rules we think it is clear that the trial court was justified in refusing to admit the statement. The statement was not made coincident with the happening of the event to which it relates. The shooting occurred at about 1 o'clock in the morning. The statement was not made until after 4 o'clock and not until after defendant knew that he was suspected of having done the shooting. The trial court was right in concluding the statement was self-serving. The whole tenor of the statement is an effort to free himself from the suspicion of having committed the deed. He was in the custody of the law, and the statement indicates that it was not spontaneous but that he was conscious that the hand of the law was descending upon him. This is shown by his charge that another did the shooting. The statement was not made under such circumstances as entitled it to be admitted as a part of the *res gestæ*. Neither do we think the statement was used on cross-examination of defendant in such a way as to make it admissible.

The judgment of conviction is affirmed.

McDONALD, C. J., and CLARK, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.