PEOPLE *v.* JAMROZ

1. HOMICIDE — MANSLAUGHTER — AUTOMOBILES — EVIDENCE — SUFFICIENCY.

Witnesses' testimony that defendant's auto and deceased's Volkswagen bus had been engaged in a game of "tag" just before the collision in which the deceased sustained his fatal injuries, that the evidence indicated defendant was the aggressor in this deadly activity and that as a result, the deceased's vehicle was eventually forced from the road and into a parked truck, was sufficient to support defendant's conviction of manslaughter with a motor vehicle (MCLA § 750.321).

2. APPEAL AND ERROR—JURY—FACTUAL DISPUTES.

Factual disputes have long been within the province of the jury to resolve and the Court of Appeals can only interpose when there is a total want of evidence on some essential point.

3. HOMICIDE — MANSLAUGHTER — AUTOMOBILES — WITNESSES — CONTRADICTORY STATEMENTS.

The Court of Appeals will not interfere with a jury determination of conflicting factual statements where one witness testified that defendant's automobile forced the decedent's motor vehicle into a parked truck but officers from the accident prevention bureau stated that the decedent's vehicle veered off the road and hit a snowbank before colliding with the truck, inasmuch

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Automobiles and Highway Traffic § 277.
[2] 53 Am Jur, Trial §§ 156–158.
[3] 5 Am Jur 2d, Appeal and Error §§ 838, 934.
[4] 5 Am Jur 2d, Appeal and Error §§ 545, 891.

as the record did not indicate a total want of evidence on this point and the jury could reconcile the contradictory statements.

4. APPEAL AND ERROR—INSTRUCTIONS TO JURY—FAILURE TO OBJECT —PRESERVING QUESTION.

Objection to jury instructions not raised in trial court shall not be entertained on appeal where there is no obvious miscarriage of justice (MCLA § 768.29).

Appeal from Recorder's Court of Detroit, Traffic and Ordinance Division, Richard M. Maher, J. Submitted Division 1 October 8, 1969, at Detroit. (Docket No. 5,358.) Decided October 29, 1969.

Anthony H. Jamroz, Jr., was convicted by a jury of manslaughter with a motor vehicle. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Patricia J. Pernick,* Assistant Prosecuting Attorney, for the people.

*Hyman, Gurwin, Nachman & Friedman (Lawrence Halpern,* of counsel), for defendant on appeal.

Before: FITZGERALD, P. J., and McGREGOR and V. J. BRENNAN, JJ.

FITZGERALD, P. J. Anthony H. Jamroz, Jr., was charged with manslaughter with a motor vehicle pursuant to the provisions of MCLA § 750.321 (Stat Ann 1954 Rev § 28.553). The defendant was convicted in the traffic and ordinance division of the recorder's court of Detroit and was placed on probation for five years, ordered not to drive for that

period, and required to pay $750 costs and a $750 fine. Defendant appeals from the conviction.

Testimony adduced from witnesses during the trial indicated that defendant's auto and the small Volkswagen bus driven by the deceased, George Borda, Jr., had been engaged in a game of "tag" just before the collision in which Borda was seriously injured. Borda later died as a result of the injuries sustained. The evidence indicated that defendant was the aggressor in this deadly activity and, as a result, the vehicle driven by the deceased was eventually forced from the road and into a parked truck, whence his fatal injuries were sustained.

The main issue raised on this appeal is whether the evidence was sufficient to support the verdict. We are also asked to address ourselves to an error by the trial court in its failure to instruct the jury on the issues of intervening cause, justifiable homicide or contributory negligence.

Defendant argues that testimony taken from one of the witnesses to the effect that defendant forced the deceased into the truck contradicts the statements of officers from the accident prevention bureau which indicated that the deceased's auto veered off the road and hit a snowbank before hitting the truck. Defendant also avers that "it appears equally likely from the evidence that the deceased's Volkswagen went out of control prior to the impact and that this was the proximate cause of death."

It has long been within the province of the jury to resolve factual disputes and this Court can only interpose when there is a total want of evidence on some essential point. *People* v. *Henssler* (1882, 48 Mich 49; *People* v. *O'Leary* (1967) 6 Mich App 115. An examination of the record in this case does not indicate a total want of evidence on some essential

point, and the alleged contradictory statements could in fact be reconciled by a jury.

Defendant argues the existence of certain intervening factors which broke the chain of causation and thus prevented his actions from constituting manslaughter. There was no objection to the instructions by the trial court regarding this matter and it appears that the question of causation was well defined, considering the instructions as a whole. See *People* v. *McIntosh* (1967), 6 Mich App 62, and *People* v. *Leonard E. Smith* (1968), 15 Mich App 173. Since no objection was raised in the trial court, none shall be entertained on appeal, there being no obvious miscarriage of justice. MCLA § 768.29 (Stat Ann 1954 Rev § 28.1052) and *People* v. *Mallory* (1966), 2 Mich App 359.

Defendant's contention that the charge should have been reduced, on motion, from manslaughter to negligent homicide on the basis of insufficient evidence, is without substance.

Affirmed.

All concurred.