PEOPLE *v.* COMPTON

1. Burglary—Breaking and Entering—Sufficient Evidence—Directed Verdict.

Refusal of the trial court to grant a directed verdict of not guilty on the grounds that there was insufficient evidence from which the jury could reasonably infer all the elements of aiding and abetting breaking and entering with intent to commit larceny was proper where the arresting officers discovered an automobile with out-county plates parked behind the scene of the crime with the defendant lying down in the front seat, and after ordering the defendant out of the automobile and placing him under arrest, they found a wallet inside the automobile containing the identification of defendant's brother who had been arrested at the scene of the crime and where the manager of the shop that had been broken into testified that two days before the burglary the defendant and his brother were in the shop with two other men (MCLA § 750.110).

2. Criminal Law—Self-Serving Statements—Hearsay—Admissibility.

Admission of self-serving hearsay statements made by defendant to various police officers was not reversible error where one was volunteered by a police officer during cross-examination by defense counsel without objection or motion to strike, and another statement was admitted as inconsistent with the volunteered statement.

References for Points in Headnotes

[1]  53 Am Jur, Trial §§ 302, 406, 408.
     13 Am Jur 2d, Burglary § 73.
[2]  29 Am Jur 2d, Evidence §§ 621, 622.
[3]  21 Am Jur 2d, Criminal Law § 365.

3. Criminal Law—Failure to Testify—Comment by Prosecutor—
   Closing Argument—Prejudice.

   Prosecutor's comment on the defendant's failure to testify made
   in the closing argument to the jury did not cause error where
   defense counsel first alluded to the failure to testify and
   the court interposed with proper instruction and where no
   adverse inference was drawn and defendant was not prejudiced.

Appeal from Wayne, Joseph G. Rashid, J. Submitted Division 1 March 2, 1970, at Detroit. (Docket No. 6,451.) Decided March 27, 1970.

Kearney Compton was convicted of breaking and entering with the intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, and *William B. McIntyre, Jr.,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Koscinski,* for defendant on appeal.

Before: Lesinski, C. J., and Quinn and V. J. Brennan, JJ.

Per Curiam. Defendant and his brother, Chester Compton, were jointly tried and convicted by a jury of breaking and entering a gun shop with intent to commit larceny. MCLA § 750.110 (Stat Ann 1970 Cum Supp § 28.305). The breaking and entering occurred around 1 a.m., March 4, 1968. Both Comptons were arrested at the scene, Chester inside the gun shop, Kearney outside in a parked automobile.

At trial, the manager of the shop testified that the Comptons, together with two other men, were in the shop two days before the breaking and entering.

One of the arresting officers testified that after arriving at the scene and while patrolling the alley behind the shop, he discovered a Cadillac automobile with out-county plates parked nearby. He approached the Cadillac and found defendant lying down on the front seat. After ordering defendant out and placing him under arrest, he found a wallet inside the automobile containing the identification of Chester Compton, who had already been arrested.

On appeal, defendant alleges error in the trial court's denial of his motion for a directed verdict of not guilty. Defendant contends that the testimony offered at trial was insufficient to show that defendant aided and abetted or in any way participated in the crime charged in the information. The question presented by a motion for directed verdict of not guilty is whether there is evidence from which the jury can reasonably infer all the elements of the crime charged. *People* v. *Qualls* (1968), 9 Mich App 689; 2 Gillespie, Michigan Criminal Law and Procedure, § 632, p 817. From the evidence adduced at trial, the motion for directed verdict was properly denied.

Defendant contends that the trial court erred by permitting the jury to suspend its deliberations over the long Memorial Day weekend. At the time of the adjournment on Wednesday, May 29, 1968, the jury was undecided as to one of the Comptons. Since he was arrested outside the shop, defendant surmises that it must have been him and then alleges, without proving, that the holiday dulled the memory of the individual jurors. We will not consider this assignment as the record shows that defendant expressly waived any objection to the adjournment.

Additionally, defendant contends that the trial court erred in its rulings on the admissibility of

certain statements made by defendant to various police officers. The statements were all in the nature of self-serving hearsay statements. For that reason, one of the statements was properly excluded. *People* v. *Davis* (1922), 217 Mich 661; *People* v. *Giovannangeli* (1925), 231 Mich 474. The first of the other two statements was volunteered by a police witness during cross-examination by defendant. It was not objected to nor did defendant move to have it stricken. Later, another statement was admitted as inconsistent with the volunteered statement. If there was any error in their admission into evidence, clearly it was not reversible error.

Finally, defendant alleges reversible error in that the prosecutor, in his closing argument to the jury, commented on the accused's failure to testify. The record reveals that it was defendant, not the people, who first alluded to a failure to testify. The court, conscious of the potential error, was quick to interpose with proper instructions. No adverse inference was drawn and defendant was in no way prejudiced.

Affirmed.