## PEOPLE v. SHEEHY

1. RAPE—EVIDENCE—RES GESTAE—GROSS INDECENCY.

    An act of gross indecency committed immediately prior to a rape is a part of the *res gestae* of the crime of rape, because the testimony concerning the gross indecency serves to characterize and illustrate the act which constituted the crime of rape and because the gross indecency was proximate in time to the rape.

2. EVIDENCE—ADMISSIBILITY—RELEVANCY—DETERMINATION.

    Evidence may be excluded if it will not shed light upon any matter contested; the determination of relevancy is one for the trial court and will not ordinarily be revised on appeal.

3. EVIDENCE—ADMISSIBILITY—RELEVANCY—DISCRETION.

    Excluding defendant's evidence concerning another criminal case in the area, which the defendant contended he was discussing with the prosecutor in a bar on the night the crime with which the defendant was charged was committed, was not an abuse of discretion even though the defendant contended that the evidence would lend credence to his story, where the defendant could have called the bartender, another patron or the proprietor himself to confirm the story and where the other crime had received much publicity, and thus, the defendant's knowledge of the case would not have established that he learned about the case from the prosecutor.

4. CRIMINAL LAW—PROSECUTOR'S REMARKS—SENTENCING—COURT'S RESPONSIBILITY.

    Prosecutor's remark to the jury in closing argument that the judge, not the jury, would decide the sentence did not prejudice defendant's right to a fair trial.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence §§ 718, 721, 732, 736.
[2, 3] 29 Am Jur 2d, Evidence §§ 249, 251–257, 267.
[4, 5] 53 Am Jur, Trial §§ 453–504.

5. CRIMINAL LAW—PROSECUTOR'S REMARKS—DEFENDANT'S GUILT—
PROSECUTOR'S BELIEF.

> A request by the prosecutor for a verdict of guilty at the con-
> clusion of the people's argument to the jury does not con-
> stitute a statement as to what the prosecutor personally be-
> lieves about the guilt or innocence of the defendant.

Appeal from Crawford, Robert H. Campbell, J.
Submitted Division 3 January 8, 1971, at Grand
Rapids. (Docket No. 9065.) Decided March 25,
1971. Leave to appeal denied May 26, 1971, 384
Mich 844.

Mark Francis Sheehy was convicted of rape. De-
fendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Bruce B. Benson,*
Prosecuting Attorney, for the people.

*James N. McNally,* for defendant on appeal.

Before: HOLBROOK, P. J., and McGREGOR and T.
M. BURNS, JJ.

T. M. BURNS, J. On February 5, 1970, defendant
was convicted by a jury of the crime of rape.[1] He
was sentenced on February 18, 1970, to a term of
from three to ten years in the state prison. Defend-
ant appeals as of right.

Defendant first contends that the trial court
should not have permitted the victim to testify that
just prior to committing the rape charged, her
assailant committed gross indeceny, *i.e.* penetration
*per os,* a criminal act in itself under MCLA § 750-
.338b (Stat Ann 1954 Rev § 28.570[2]). The trial

---

[1] MCLA § 750.520 (Stat Ann 1954 Rev § 28.788).

court ruled that the evidence was admissible as part of the *res gestae*.

In *People* v. *Savage* (1923), 225 Mich 84, 86, the Supreme Court stated:

"It is elementary that the acts, conduct and demeanor of a person charged with crime at the time of, or shortly before or after the offense is claimed to have been committed, may be shown as a part of the *res gestae*. Proof of such acts is not rendered inadmissible by the fact that they may tend to show the commission of another crime."

However, to be admitted as part of the *res gestae,* the facts to be proven must not only be proximate in time to the principal fact, they must also illustrate and characterize the principal fact:

" 'No inflexible rule has ever been and probably never can be adopted as to what is a part of the *res gestae*. It must be determined largely in each case by the peculiar facts and circumstances incident thereto; but it may be stated as a fixed rule that, included in the *res gestae* are the facts which so illustrate and characterize the principal fact as to constitute the whole one transaction, and render the latter necessary to exhibit the former in its proper effect.' *Chicago & Erie Ry. Co.* v. *Cummings* (1899), 24 Ind App 192, 209 (53 NE 1026, 1031)."[2]

In view of these decisions, the trial court was correct in concluding that an act of gross indecency, committed immediately prior to the forced act of sexual intercourse, was a part of the *res gestae* of the crime of rape. The gross indecency was proximate in time and the testimony concerning it served to illustrate and characterize the act which consti-

---

[2] *People* v. *Kayne* (1934), 268 Mich 186, 192.

tuted the crime of rape. The testimony was, there-fore, properly admitted.

Defendant next contends that the trial court erred in precluding his counsel from introducing evidence in regard to an unrelated rape case. At the trial, defendant testified that at the time the crime was supposed to have been committed, he was in a hotel having a conversation with Mr. Benson, the prosecutor who was trying the case for the people. When on cross-examination, Mr. Benson asked defendant what had been discussed during their alleged conversation, the defendant gave the following response:

"You said you had another rough case coming up where an elderly man was accused of raping his niece, and I asked you who that was, if you could tell me and you said yes, it was a Mr. Owens."

Defense counsel then requested that he be given an opportunity to introduce further evidence about the Owens case to establish that there was, in fact, such a case. The purpose of establishing the existence of the other rape case was to lend credence to defendant's story that he was actually talking to the prosecutor at the time the crime was being committed. The trial court held, however, that any additional evidence on the Owens case would be immaterial and collateral.

Since the conversation took place in a hotel bar, it is difficult to understand why defense counsel did not call the bartender, another patron, or the prosecutor himself to confirm the defendant's story. The facts of the Owens case received much publicity in the community and proof of the existence of the case could hardly establish that defendant gained knowledge of it by talking with Mr. Benson on the night in question.

Evidence may be excluded if it will not shed light upon any matter contested; the determination of relevancy is one for the trial court and will not ordinarily be revised on appeal.[3]  Defendant has failed to show that the exclusion of the proposed evidence would have affected the jury's determination of his guilt, that the evidence itself bore on the main issue at trial, or that the evidence was in any way competent, material, and relevant to the trial. The trial court did not abuse its discretion by excluding the evidence defense counsel proposed to introduce.

Defendant next argues that certain remarks made by the prosecutor during closing argument prejudiced defendant's right to a fair trial.  Defendant takes exception to two passages of the prosecutor's closing argument to the jury:

"*Mr. Benson:* I want to bring to your attention the fact that the question of a sentence in this case is not for your deliberation, but merely for the judge to decide  *  *  *  .

*  *  *

"Finally, once again, ladies and gentlemen, I respectfully request, as Prosecuting Attorney for Crawford County, that you ladies and gentlemen find the defendant guilty of the charge of rape."

This court fails to see how either of the above two remarks prejudiced defendant's right to a fair trial. The first remark informs the jury that their responsibility ends with a finding of guilt, and that it is then the responsibility of the court to punish.  The prosecutor did not mention what defendant's possible punishment would be if he was found guilty by

---

[3] *Detroit Iron & Steel Co.* v. *Detroit Gray Iron Foundry Co.* (1927), 240 Mich 677, 680.

the jury. We find no reversible error in these remarks by the prosecutor.[4]

The prosecutor's second remark, requesting a verdict of guilty, is objected to on the ground that it, in effect, expressed the prosecutor's personal opinion of defendant's guilt.[5] However, it is the opinion of this Court that a request for a verdict of guilty at the conclusion of the prosecutor's argument to the jury does not constitute a statement as to what the prosecutor personally believes about the guilt or innocence of the defendant. We hold, therefore, that the remarks of the prosecutor were not prejudicial and the trial court did not err in overruling defendant's objection to them.[6]

Defendant finally questions the sufficiency of the evidence upon which the conviction is based. At the trial the complainant testified that defendant arrived at her cabin around 9:50 p.m., on the night in question; that after conversing several minutes, he put his arm around her throat, pulled her down onto the floor, and choked her; that he beat her head against the kitchen sink; that after an extensive struggle he took off her clothes; and that after first inserting his organ into her mouth, he finally completed the vaginal penetration of the act of intercourse.

A friend of the complainant corroborated her identification of the defendant by testifying that he

---

[4] *People* v. *Singer* (1913), 174 Mich 361.

[5] In *People* v. *Slater* (1970), 21 Mich App 561, this Court held that error is committed when the prosecutor states what he personally believes about the defendant's guilt. However, even when the prosecutor does express such an opinion, it does not constitute error if the prosecutor relates his opinion to the evidence. *People* v. *McElheny* (1922), 221 Mich 50; and *Slater, supra.*

[6] The prosecutor is free in final argument to relate the facts to his theory of the case and to say that certain evidence leads him to believe the defendant is guilty. *People* v. *Humphreys* (1970), 24 Mich App 411. It would follow, therefore, that after reviewing all of the evidence, the prosecutor may also request the jury to return a verdict of guilty.

saw defendant at the complainant's cabin when he stopped there at 10:30 p.m., and again at 11:45 p.m. The last time he testified that he not only saw the defendant at the cabin but that he had talked with him concerning why the complainant was crying, to which defendant replied to the effect that they had had an argument. He also testified that he saw a black 1958 or 1959 Ford at her cabin on both visits. Defendant, on cross-examination, admitted owning such a vehicle.

The physician who examined the complainant soon after the alleged rape testified to finding numerous superficial abrasions on the complainant's body. He also testified that in his opinion the complainant had been involved in sexual intercourse immediately prior to the examination. A laboratory examination confirmed the presence of spermatazoa in a specimen taken from the complainant's vagina. Photographs taken of the complainant the day after the alleged offense occurred confirmed the existence of facial bruises and abrasions.

The transcript does contain evidence which contradicts the testimony of the complainant and her friend which tends to establish that defendant was at her cabin and perpetrated the offense in question. This conflict, however, precisely framed a question of fact for the jury.[7] Moreover, this Court does not constitute a reviewing jury and will not hear cases anew.[8] We find, therefore, that the prosecution presented sufficient evidence, if believed by the jury, to find the defendant guilty beyond a reasonable doubt of the crime with which he was charged.

Affirmed.

All concurred.

---

[7] *People v. Jamroz* (1969), 19 Mich App 644.

[8] *People v. Bratton* (1969), 20 Mich App 523, 525.