PEOPLE *v.* CROWN

1. CRIMINAL LAW—EVIDENCE—CIRCUMSTANTIAL EVIDENCE.
   Circumstantial evidence can support a conviction of crime.

2. CRIMINAL LAW—WITNESSES—RES GESTAE WITNESSES—INDORSE-
   MENT—ACCOMPLICES.
   The rule requiring the prosecution to indorse and to call as wit-
   nesses all noncumulative *res gestae* witnesses does not apply to
   accomplices.

Appeal from Genesee, Philip C. Elliott, J. Sub-
mitted Division 2 April 6, 1971, at Lansing.
(Docket No. 9291.) Decided April 28, 1971.

John T. Crown was convicted of breaking and
entering. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Robert F. Leonard,*
Prosecuting Attorney, *Donald A. Kuebler,* Chief
Assistant Prosecuting Attorney, and *Richard P.
King,* Assistant Prosecuting Attorney, for the
people.

*Shaker Brackett,* for defendant on appeal.

Before: QUINN, P. J., and R. B. BURNS and
McGREGOR, JJ.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence § 266 *et seq.*
[2] 21 Am Jur 2d, Criminal Law § 328.

PER CURIAM: On a charge of breaking and entering, contrary to MCLA § 750.110 (Stat Ann 1970 Cum Supp § 28.305), defendant was tried in a nonjury trial on November 25, 1969. Upon a verdict of guilty, he was sentenced on January 6, 1970, to serve from nine to ten years in prison. He appeals as of right.

Defendant challenges the sufficiency of the evidence, alleging that it was circumstantial and did not warrant a verdict of guilty.

It is well-established in this state that circumstantial evidence can support a conviction. *People* v. *Barron* (1968), 381 Mich 421; *People* v. *Raetz* (1968), 15 Mich App 404, 405. Although the instant trial was not exemplary in terms of the clarity of proof, sufficient evidence was adduced at trial which, if believed, would sustain the conviction.

Defendant's only other claimed error concerns the prosecutor's failure to indorse on the information and to call as a *res gestae* witness an accomplice. This issue is so well-settled as not to require any detailed discussion. The rule requiring the prosecution to indorse and call as witnesses all noncumulative *res gestae* witnesses does not apply to accomplices. *People* v. *Alonzo Sanders* (1970), 28 Mich App 510; *People* v. *Morgan* (1970), 24 Mich App 660; *People* v. *Virgil Brown* (1969), 15 Mich App 600.

Having shown neither insufficiency in the proofs nor reversible error in the failure to indorse or call the accomplice, defendant's conviction is affirmed.

Affirmed.