PEOPLE v MOORE

1. CRIMINAL LAW—WARNING OF RIGHTS—RIGHT TO COUNSEL—POST-ARREST STATEMENTS.

A post-arrest statement made by a defendant without the presence of an attorney after he was informed of his rights was admissible into evidence against the defendant.

2. CRIMINAL LAW—WARNING OF RIGHTS—RIGHT TO COUNSEL—VOLUNTEERED STATEMENTS.

A post-arrest statement made by a defendant strictly voluntarily but without the presence of an attorney was admissible because volunteered statements of any kind are not barred and their admissibility is not affected by whether or not a defendant has been advised of his constitutional rights.

3. CRIMINAL LAW—WARNING OF RIGHTS—RIGHT TO COUNSEL—WAIVER—POST-ARREST STATEMENTS.

A defendant's statement that he would talk to a detective even though his attorney could not be contacted constituted a voluntary, knowing, and intelligent waiver of the attorney's presence, and the defendant's subsequent post-arrest statement was therefore admissible.

4. CRIMINAL LAW—UNFAVORABLE PUBLICITY—UNDUE JUROR INFLUENCE—BURDEN OF PROOF.

A showing by a defendant that some jurors may have read or heard of his case through news media was not sufficient to meet the burden of showing undue juror influence where the defendant presented no evidence of strong community feeling.

5. CRIMINAL LAW—EVIDENCE—MATERIALITY—RELEVANCY—DISCRETION—APPEAL AND ERROR.

The materiality and relevancy of evidence in a criminal trial is

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 29 Am Jur 2d, Evidence §§ 555–557.
[2] 29 Am Jur 2d, Evidence §§ 523–596.
[4] 21 Am Jur 2d, Criminal Law § 236.
[5, 8] 29 Am Jur 2d, Evidence §§ 249 *et seq.;* 269.
[6, 7] 29 Am Jur 2d, Evidence § 769.
[9] 21 Am Jur 2d, Criminal Law §§ 540, 592, 614.

within the discretion of the trial judge and an appellate court will not interfere unless there is an abuse of discretion.

6. CRIMINAL LAW—EVIDENCE—MOTION TO DISMISS.

The question presented by a motion to dismiss in a criminal trial is whether there is evidence, real or circumstantial, from which a jury can reasonably infer all the elements of the crime charged.

7. HOMICIDE—FELONY MURDER—MOTIVE—ARMED ROBBERY—CORPUS DELICTI—EVIDENCE—MOTION TO DISMISS.

A jury in a felony-murder prosecution could reasonably infer that the motive in the murder was armed robbery where the evidence included a dead body, evidence of an unnatural death, a gun, and testimony of an officer that a cash register drawer at the scene was open; therefore, denial of a motion to dismiss on the ground that the people had not established the corpus delicti of the crime charged was proper.

8. CRIMINAL LAW—REBUTTAL TESTIMONY—ADMISSIBILITY—DISCRETION —APPEAL AND ERROR.

The admissibility of rebuttal testimony which could have been offered by the prosecution during its case in chief rests within the sound discretion of the trial court, as a general rule; an appellate court will not disturb the trial court's discretion unless a clear abuse of that discretion has been shown.

9. HOMICIDE—FELONY MURDER—SENTENCES—MANDATORY LIFE IMPRISONMENT—CRUEL AND UNUSUAL PUNISHMENT.

A mandatory sentence of life imprisonment for the offense of felony murder is not unconstitutional as cruel and unusual punishment (MCLA 750.316).

Appeal from Muskegon, Charles A. Larnard, J. Submitted Division 3 December 7, 1973, at Grand Rapids. (Docket No. 12438.) Decided January 14, 1974.

Roosevelt Moore was convicted of first-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Richard J. Pasarela,* Prosecuting Attorney, and *Neil G. Mullally,* Assistant Prosecuting Attorney, for the people.

*Brian K. Walsworth,* for defendant on appeal.

Before: T. M. Burns, P. J., and Holbrook and McGregor, JJ.

Holbrook, J. Defendant was convicted by a jury of first-degree murder under the felony-murder rule. MCLA 750.316; MSA 28.548. He was sentenced to life imprisonment.

Bernard Kubacki was found murdered, his body discovered behind the counter of his liquor store. Robbery was the apparent motive. Defendant was arrested, charged with first-degree murder, and brought to trial.

On appeal defendant alleges trial and constitutional error. The nature of these claims of error requires the insertion of necessary facts in the consideration and discussion of defendant's questions.

Defendant contends the court erred in admitting three post-arrest statements to policemen. The primary objection is based upon the fact that each time a statement was made, his court-appointed attorney was not present or consulted before the statements were made.

Before giving the first statement, defendant was read his *Miranda* rights. Thereafter he told the officers he was framed but refused to name the person involved without counsel. Questioning ceased.

Defendant requested a conference with the police captain. As he entered the captain's office, he stated that he originally intended to participate as a lookout in an unarmed robbery but an accomplice was secretly carrying a gun and shot the proprietor.

While in the detective's office, defendant was asked if he checked with his attorney concerning the alleged frameup. The answer was no. The

attorney could not be contacted. Defendant stated he would talk to the detective anyway. He then repeated his claim that an accomplice had murdered the proprietor.

The rules of *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694; 10 ALR3d 974 (1966), were complied with and no error was committed.

*Miranda* holds:

> Prior to any questioning, the person must be warned that he has the right to remain silent, that any statement he does make may be used in evidence against him, and that he has the right to the presence of an attorney either retained or appointed.
>
> The defendant may waive effectuation of these rights, provided the waiver is made voluntarily, knowingly and intelligently. If, however, he indicates in any manner and at any stage of the process that he wishes to consult with an attorney before speaking there can be no questioning.

A defendant may make statements without the presence of an attorney under certain conditions. In the first statement he was read his rights and then made the statement. According to *Miranda* the statement is admissible. Defendant's second statement was strictly voluntary. Volunteered statements of any kind are not barred and their admissibility is not affected by the *Miranda* decision. *People v Griner,* 30 Mich App 612, 616; 186 NW2d 800, 802 (1971).

In the third instance, defendant's statement that he would talk to the detective anyway constitutes a voluntary, knowing, and intelligent waiver of the attorney's presence.

Defendant claims the trial was unfair due to prejudicial outside publicity in the form of newspaper and radio reports which the jury may have read or heard.

It is true that an accused is entitled to impartial jurors who render a verdict on the evidence presented at trial. MCLA 768.10; MSA 28.1033.

A showing that some jurors may have read or heard of the case through news media is not sufficient. The burden of showing undue juror influence is on the challenger. The defendant presents no evidence of strong community feeling. Under such circumstances we rely upon the discretion of the trial judge to commence or continue the trial. *People v Jenkins,* 10 Mich App 257; 159 NW2d 225 (1968); *People v Garland,* 44 Mich App 243; 205 NW2d 195 (1972).

Having only a cold record upon which to rely we cannot conclude that the trial court abused its discretion.

During the trial a letter sent by defendant to another prison inmate proposing shady trial assistance and reciprocation was intercepted by the prosecutor and offered in evidence. Defendant questions its relevancy and contends its potential prejudicial jury effect outweighed its probative value.

Defendant's credibility had been brought into the trial by other witnesses. The letter and its contents were material on this issue. We adhere to the rule that the materiality and relevancy of evidence is within the discretion of the trial judge and an appellate court will not interfere unless there is an abuse. *People v Sheehy,* 31 Mich App 628; 188 NW2d 231 (1971); *People v Doane,* 33 Mich App 579; 190 NW2d 259 (1971). On the question presented we find no reversible prejudice or abuse of judicial discretion.

Defendant moved to dismiss on the ground that the people had not established the corpus delicti of the crime charged. The motion was denied.

The question presented by a motion to dismiss is whether there is evidence, real or circumstantial, from which a jury can reasonably infer all the elements of the crime charged. *People v Compton,* 23 Mich App 42; 178 NW2d 133 (1970); *People v Compian,* 38 Mich App 289; 196 NW2d 353 (1972). See, also, *People v Crown,* 33 Mich App 266; 189 NW2d 810 (1971); *People v Brown,* 42 Mich App 608; 202 NW2d 493 (1972).

In this case there was a dead body and evidence of an unnatural death. An officer testified that the cash register drawer was open. There was a gun.

Under these facts a jury could reasonably infer that the motive in this felony murder was armed robbery. The judge's denial of defendant's motion to dismiss on this ground was correct and proper.

After the people rested their case, the trial court allowed the prosecutor to introduce the testimony of a rebuttal witness who was allegedly unavailable during trial. The testimony was found to be material and the court granted defendant an opportunity to recall defense witnesses.

As a general rule, the admissibility of rebuttal testimony, which could have been offered by the prosecution during its case in chief, rests within the sound discretion of the trial court; and an appellate court will not disturb the trial court's decision unless a clear abuse of that discretion has been shown. *People v Daleo,* 43 Mich App 386; 204 NW2d 315 (1972). We find no abuse of trial court discretion.

Defendant, in his final issue, contends that the felony-murder statute so far as it provided for a mandatory sentence of life imprisonment is cruel and unusual punishment. MCLA 750.316; MSA 28.548.

In *People v Bufkin,* 43 Mich App 585; 204 NW2d

762 (1972); *reh* 48 Mich App 290; 210 NW2d 390 (1973), this Court concluded that the felony-murder statute was constitutional.

When the verdict is guilty the Legislature has commanded the courts to impose punishment by solitary confinement at hard labor in the state prison for life.

The source of sentencing power exercised by a sentencing judge is legislation and not inherent judicial power. *In re Callahan,* 348 Mich 77; 81 NW2d 669 (1957). The courts of this state have never declared life imprisonment unconstitutional. Although the Supreme Court revised the minimum statutory penalty of 20 years in a narcotics statute on the basis of cruel and unusual punishment, *People v Lorentzen,* 387 Mich 167; 194 NW2d 827 (1972), we are not inclined to apply the same reasoning to the felony-murder statute.

Affirmed.

All concurred.