PEOPLE v RANES

1. CRIMINAL LAW—EVIDENCE—MATERIALITY—RELEVANCY—JUDGES—
   DISCRETION.

   Determination of the materiality and relevancy of evidence is
   within the discretion of the trial judge and an appellate court
   will not interfere unless there is an abuse of that discretion.

2. CRIMINAL LAW—EVIDENCE—ALIBI—WITNESSES—CREDIBILITY.

   A note written by a defendant in which he stated that he sought
   to hire a witness to establish an alibi was properly admitted
   into evidence where the defendant's credibility had been
   brought into the trial by alibi witnesses and the note and its
   contents were material to the alibi issue.

3. CRIMINAL LAW—EVIDENCE—ACTS OF DEFENDANT—CONSIDERATION
   BY JURY—WITNESSES—ALIBI.

   Actions by a defendant such as flight to avoid lawful arrest,
   procuring perjured testimony and attempts to destroy evidence,
   while possibly as consistent with innocence as with guilt, may
   be considered by the jury as evidence of guilt; therefore a note
   written by a defendant in which he stated that he sought to
   hire a witness to offer perjured testimony was properly admit-
   ted into evidence to rebut the testimony of the defendant's alibi
   witnesses.

4. HOMICIDE—EVIDENCE—PHOTOGRAPHS—MATERIALITY—NECESSITY.

   Photographs of the deceased, taken at the scene of a homicide,
   were properly admitted into evidence where much of the evi-
   dence against the defendant consisted of what he told a witness
   about the crime, and the pictures were material and necessary

REFERENCES FOR POINTS IN HEADNOTES

[1, 5] 46 Am Jur 2d, Judges § 47.
   Interlocutory ruling or order of one judge as binding on another in
   same case. 132 ALR 14.
[2, 3] 58 Am Jur, Witnesses § 860.
   21 Am Jur 2d, Criminal Law §§ 136, 137.
[4] 21 Am Jur 2d, Criminal Law §§ 368, 369.
[6] 21 Am Jur 2d, Criminal Law §§ 435, 438, 439.

to illustrate the witness's testimony concerning his conversations with the defendant about the use of knives, ropes and gags in the killing, and because the photographs depicted the defendant's method of killing the victim.

5. CRIMINAL LAW—DISCOVERY—LIMITATION OF DISCOVERY—JUDGES—DISCRETION.

The scope of discovery of a criminal case rests within the sound discretion of the trial court, and that discretion was not abused where a defendant failed to convince the trial court that the discovery he had requested was necessary prior to trial and the trial court did not completely eliminate discovery but provided for the production of the requested materials if needed to refresh the recollection of a witness during trial and afforded the defendant an opportunity for full cross-examination of witnesses at trial.

6. CRIMINAL LAW—VENUE—CHANGE OF VENUE—JUDGES—DISCRETION —STATUTES.

A change of venue in a criminal case may be granted to either party upon good cause shown; however, the denial of a motion for change of venue rests in the trial court's discretion and will not be set aside absent demonstration of a clear showing of abuse (MCLA 762.7).

Appeal from Kalamazoo, Donald T. Anderson, J. Submitted Division 3 November 15, 1974, at Grand Rapids. (Docket No. 16949.) Decided February 10, 1975.

Danny A. Ranes was convicted of second-degree murder and first-degree murder in the perpetration or attempted perpetration of rape. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald A. Burge,* Prosecuting Attorney, and *Stephen M. Wheeler,* Chief of Appellate Division, for the people.

*Thomas M. Powers,* for defendant on appeal.

Before: T. M. Burns, P. J., and R. B. Burns and Carland,* JJ.

T. M. Burns, P. J. On March 2, 1973, defendant Danny Arthur Ranes was convicted by a jury of second-degree murder, MCLA 750.317; MSA 28.549, and first-degree murder in the perpetration or attempted perpetration of rape, MCLA 750.316; MSA 28.548. On March 26, 1973, defendant was sentenced to life imprisonment on count one and life imprisonment in solitary confinement at hard labor on count two, the sentences to run concurrently. Defendant now appeals his convictions as of right.

Since defendant's allegations of error relate to the trial court's evidentiary rulings and other procedural matters, a detailed recitation of the facts of this case is unnecessary, and thus only those facts pertinent to our discussion of the issues will be presented.

While defendant was absent from his jail cell taking a shower, the cell was searched by police. A deputy found some torn-up paper in the toilet. These pieces of paper, when put together, read as follows:

"Do you know any married woman who could use $500 for taking the stand and saying she was with me on the night of the Howk killing? One who would have a reason to remember that (whatever the reason was) night that will stand up in court and also remember that I had a bandaid on my left cheek and told her I scratched it while tearing down a garage. It has to be a Saturday night I was with her. She must be strong so the cops can't break her down no matter what they say or do. Also she will have to go to the newspaper office (Gazette) and look in the past issues for the date and all

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

the back pictures of me so she will know me when she sees me. Let me know as soon as you can as all visits and phone calls in new jail are to be taped. If you know of anyone at least get me her address so I can handle the mail through Contos. The money will come when my feet hit the streets."

This note was not introduced in the prosecution's case in chief, but to rebut the testimony of defendant's alibi witnesses. Defendant now claims this note was improperly admitted into evidence by the trial court. We disagree.

In *People v Moore,* 51 Mich App 48, 52; 214 NW2d 548 (1974), a letter sent by the defendant to another prison inmate proposing shady trial assistance and reciprocation was intercepted by the prosecutor and offered in evidence. In holding the letter admissible, this Court stated:

"Defendant's credibility had been brought into the trial by other witnesses. The letter and its contents were material on this issue. We adhere to the rule that the materiality and relevancy of evidence is within the discretion of the trial judge and an appellate court will not interfere unless there is an abuse. *People v Sheehy,* 31 Mich App 628; 188 NW2d 231 (1971); *People v Doane,* 33 Mich App 579; 190 NW2d 259 (1971). On the question presented we find no reversible prejudice or abuse of judicial discretion."

Such is the case here. Here a note was intercepted before it reached any third party. Defendant's credibility had been brought into the trial by alibi witnesses and the note and its contents were material to the alibi issue. Under these circumstances, we do not feel that the trial court abused its discretion in admitting the note into evidence.

Defendant also argues that the note was inadmissible because it constituted evidence of an en-

tirely separate crime, unrelated to his case, namely, the procurement of perjury.

Recently, this Court in *People v Hooper,* 50 Mich App 186, 199; 212 NW2d 786 (1973), *lv den* 391 Mich 808 (1974), considered this same question, although testimonial evidence rather than a writing was challenged. We consider the Court's statement to be dispositive of this issue:

"The grounds on which this evidence is admissible has been commonly termed as being 'consciousness of a weak case'. In 2 Wigmore, Evidence (3d ed), § 278, p 120, the rule is stated as follows:

" 'It has always been understood—the inference, indeed, is one of the simplest in human experience—that a party's falsehood or other fraud in the preparation and presentation of his cause, his fabrication or suppression of evidence by bribery or spoliation, and all similar conduct, is receivable against him as an indication of his consciousness that his case is a weak or unfounded one; and from that consciousness may be inferred the fact itself of the cause's lack of truth and merit.'

"Michigan has long followed this rule and held that evidence that a defendant has attempted to suppress testimony or induce perjury is admissible. *People v Salsbury,* 134 Mich 537; 96 NW 936 (1903); *People v Adams,* 162 Mich 371; 127 NW 354 (1910); *People v Randall,* 294 Mich 478; 293 NW 725 (1940). This Court recently reaffirmed this long-standing rule in *People v Casper,* 25 Mich App 1, 7; 180 NW2d 906, 909 (1970), wherein the rule was stated as follows:

" 'Michigan authority appears uniform in holding that actions by the defendant such as flight to avoid lawful arrest, procuring perjured testimony and attempts to destroy evidence, while possibly as consistent with innocence as with guilt, may be considered by the jury as evidence of guilt.'

"Thus, in the instant case there was no error in allowing this testimony since it was proper evidence for the jury to consider."

Defendant's next assertion of error is that the trial court erred in admitting into evidence photographs of the deceased, taken at the scene. Since probative value outweighed prejudice, no abuse of discretion occurred. Defendant contends that since the defense was alibi, the photographs were unnecessary and merely calculated to inflame the jury, citing *People v Falkner,* 389 Mich 682; 209 NW2d 193 (1973). The prosecutor argues that the photographs were material to prove premeditation and deliberation, a condition notably absent in *Falkner.* Furthermore, the prosecutor points out that while the defense in this case is alibi, the underlying circumstances are different from those present in *Falkner.* Here much of the evidence against defendant consisted of what he told a witness about the crime. Due to the nature of this witness's testimony and the fact that he was not present when the crime was committed, the pictures were material and necessary to illustrate both his testimony, especially that concerning his conversations with defendant about the use of knives, ropes and gags in the killing, and the fact that the photographs depicted his method in the death of this victim.

Therefore, we conclude that these photographs were "substantially necessary or instructive to show material facts or conditions" and not merely "calculated to excite passion and prejudice". *People v Falkner, supra,* 685; 209 NW2d 194; *People v Eddington,* 387 Mich 551; 198 NW2d 297 (1972).

Defendant next maintains that the trial court erred in denying his motion for the production of documents and evidence. In denying the motion, the trial court stated:

"The court denies to the defendant the right to copies of all statements, reports, notes or tapes made or given

by witnesses except that if any statement, report, note or tape made or given by witnesses is used to refresh the recollection of the witness at the trial, then a copy shall be made available to the defense."

GCR 1963, 785.1(2) expressly excludes the application of discovery rules in criminal cases. Furthermore, the scope of discovery of a criminal case rests within the sound discretion of the trial court. *People v Brocato,* 17 Mich App 277, 285; 169 NW2d 483 (1969); *People v Johnson,* 356 Mich 619; 97 NW2d 739 (1959); *People v Maranian,* 359 Mich 361; 102 NW2d 568 (1960).

In the instant case, defendant failed to convince the trial court that the requested discovery was necessary prior to trial. Also, the trial court's order did not completely eliminate discovery. The court did provide for the production of these requested materials if needed to refresh the recollection of a witness during trial and in addition defendant was afforded an opportunity for full cross-examination of witnesses at trial. Under these circumstances, we find that the trial court did not abuse its discretion in limiting defendant's pretrial discovery.

Defendant next predicates error on the fact that the trial court denied his motion for change of venue prior to trial. We disagree. While either party may be granted a change of venue "upon good cause shown", MCLA 762.7; MSA 28.850, the denial of such motions rests in the trial court's discretion. To set aside such a decision, a clear showing of abuse on the part of the trial court must be demonstrated. *People v Kochan,* 55 Mich App 326; 222 NW2d 317 (1974); *People v Shugar,* 29 Mich App 139; 185 NW2d 178 (1970). We find no abuse of discretion in the case at bar.

Finally, we have closely examined the record in

the case at bar and considered the defendant's remaining assignments of error. No error warranting or requiring reversal of defendant's convictions has been disclosed.

Affirmed.