## PEOPLE v HUNTER

CRIMINAL LAW—EVIDENCE—EXCULPATORY STATEMENTS—RES GESTAE
—SELF-SERVING STATEMENTS.

A statement made by a defendant in an effort to free himself from suspicion several hours after the commission of the offense, and after his arrest, is not entitled to be admitted as a part of the res gestae of the offense, and is properly excluded as self-serving.

Appeal from Recorder's Court of Detroit, Joseph A. Gillis, J. Submitted June 2, 1976, at Detroit. (Docket Nos. 24460, 24461.) Decided June 17, 1976.

Carl D. Hunter was convicted of assault with intent to rape and carnal knowledge of a female over sixteen. Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *William L. Cahalan*, Prosecuting Attorney, *Edward R. Wilson*, Principal Attorney, Research, Training and Appeals, and *Robert R. Reuther*, Assistant Prosecuting Attorney, for the people.

*Fred K. Persons*, for defendant on appeal.

Before: QUINN, P. J., and D. F. WALSH and A. M. BACH,* JJ.

PER CURIAM. Defendant was convicted by a jury

REFERENCE FOR POINTS IN HEADNOTE
29 Am Jur 2d, Evidence §§ 599, 621.
* Circuit judge, sitting on the Court of Appeals by assignment.

of assault with intent to rape, MCLA 750.85; MSA 28.280, and carnal knowledge of a female over sixteen, MCLA 750.520; MSA 28.788, in two separate cases which had been consolidated for trial on defendant's motion. He appeals from the denial of his motion for a new trial.

Defendant contends that the conduct of the trial judge and the prosecutor, individually and collectively, was designed to prejudice the defendant and deny him a fair trial.

An examination of the entire record does not disclose any prejudicial conduct by the judge or the prosecutor. Defendant's claim is without merit.

Defendant also contends that the trial judge erroneously refused to allow into evidence an exculpatory statement defendant had given to a police officer after arrest. Defendant argues that the statement was admissible as a part of the res gestae of the alleged offenses.

Defendant's contention is without merit. A statement made by a defendant in an effort to free himself from suspicion several hours after the commission of the offense, and after his arrest, is properly excluded as self-serving. *People v Giovannangeli,* 231 Mich 474; 204 NW 97 (1925). Statements made under such circumstances are not entitled to be admitted as a part of the res gestae. *Giovannangeli, supra.*

Defendant was arrested the morning after the alleged rapes occurred and was in custody when the statement he sought to get admitted into evidence was made to the police officer. *Giovannangeli* is applicable to uphold the judge's ruling to exclude the statement.

The remaining allegations of error do not require discussion.

Affirmed.