PEOPLE *v.* LIKELY.

1. Criminal Law—Preliminary Examination—Evidence.
   All of the testimony or evidence in a prosecution for crime need not be supplied at the preliminary examination.

2. Robbery—Unarmed Robbery—Evidence.
   Finding of guilty beyond a reasonable doubt *held,* supported by record in nonjury prosecution for unarmed robbery (CL 1948, § 750.530).

3. Same—Unarmed Robbery—Alibi—Evidence.
   Claim of alibi in prosecution for unarmed robbery *held,* insufficient to create a reasonable doubt as a matter of law, where the trial court, hearing the case without a jury could believe the complaining witness and reject the testimony of defendants and their supporting alibi witnesses or conclude that they were mistaken as to the element of time (CL 1948, § 750.530).

4. Witnesses—Sequestration—Discretion of Court.
   Sequestration of witnesses during the nonjury trial of a person charged with crime is discretionary with the court.

5. Same—Sequestration—Discretion of Court—Rebuttal.
   A witness is not disqualified from testifying for the prosecution on rebuttal in a nonjury criminal case, by reason of his having remained in the courtroom after order excluding all witnesses from the courtroom was followed by statement of trial court after first witness had testified that thereafter a witness who had testified might remain in the courtroom, the matter of sequestration of witnesses being discretionary with the trial court.

---

References for Points in Headnotes

[1] 21 Am Jur 2d, Criminal Law § 442.
[2] 46 Am Jur, Robbery § 50; 20 Am Jur, Evidence § 1216 *et seq.*
[3] 21 Am Jur 2d, Criminal Law § 136.
[4, 5] 53 Am Jur, Trial § 31.
   Prejudicial effect of improper failure to exclude from courtroom or to sequester or separate State's witnesses in criminal case. 32 ALR2d 358.

Appeal from Kent; Vander Ploeg (Claude), J. Submitted Division 3 December 7, 1965, at Grand Rapids. (Docket Nos. 706, 707.) Decided March 9, 1966. Leave to appeal denied by Supreme Court August 9, 1966. See 378 Mich 726. Reconsideration denied November 14, 1967. See 379 Mich 788.

George Likely and John Likely were convicted of unarmed robbery. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, and *Joseph B. White,* Chief Assistant Prosecuting Attorney, for the people.

*Ryan, Boerema & Kail (Raymond R. Kail,* of counsel), for defendants.

HOLBROOK, J. The defendants, George Likely and John Likely, were convicted of the crime of unarmed robbery[1] March 4, 1964, by the superior court for Grand Rapids without a jury. Defendants expressly waived trial by jury in writing.

Defendants made a motion in the trial court to set aside the convictions and for a new trial. From the denial of said motion, defendants appeal.

Defendants raise two questions viz.: (1) Was the finding on the issue tried without a jury clearly erroneous? (2) Should the witness Richard Keil be permitted to testify on rebuttal when he did not remain out of the courtroom during the testimony?

Defendants claim as to the first question that the complaining witness in her testimony at the trial made inconsistent statements and also that her testimony on the trial when compared with that given at the preliminary examination showed inconsistencies. The complaining witness identified a picture shown to her several months before the trial as resembling

---

[1] CL 1948, § 750.530 (Stat Ann 1954 Rev § 28.798).

one of her assailants. This led to the positive identification of both of defendants at police headquarters when she was able to see them personally and hear their voices. In her testimony at the trial she identified a picture of John Likely, saying that it was George Likely. The complaining witness had not known either of the defendants personally and certainly did not know their names. This error of identifying a picture of one of the defendants or mistaking it as the other defendant could be of slight importance. The complaining witness in her testimony at the trial supplied additional detail of the acts and sayings of the defendants occurring at the time of the offense. All of the testimony or evidence need not be supplied at the preliminary examination and in any event, additional details of the event may be added at the trial even though they may not have been brought to mind and given at the time of the preliminary examination.

The record contains sufficient evidence which, if believed, supports a finding of guilty beyond a reasonable doubt. *People* v. *Stevens* (1965), 1 Mich App 673; *People* v. *Geddes* (1942), 301 Mich 258; *People* v. *Hallman* (1941), 299 Mich 657.

The testimony introduced in support of defendants' claim of alibi was not sufficient to create a reasonable doubt as a matter of law. The trier of the facts could believe the complaining witness and reject the testimony of the defendants and their supporting alibi witnesses or conclude that they were mistaken as to the element of time. *People* v. *Loudenslager* (1950), 327 Mich 718.

In considering the second question of defendants, we find that the trial judge granted the motion of defendants to exclude all witnesses from the courtroom during the trial. However, after the first witness testified, the trial judge stated:

"All right, the witness may step down. I may say that any witness, that is, for both the people or the defense, after they have testified, they may. then stay in the courtroom."

The matter of sequestering of witnesses is discretionary with the court. *People* v. *Burns* (1887), 67 Mich 537; *People* v. *Martin* (1920), 210 Mich 139. Under similar circumstances where the witness had remained in the courtroom *without* permission of the court but allowed to testify on rebuttal, it was held not an abuse of discretion. *People* v. *Piper* (1897), 112 Mich 644.

The order denying motion to set aside convictions and grant a new trial was correct. Judgments of conviction affirmed.

FITZGERALD, P. J., and T. G. KAVANAGH, J., concurred.