### PEOPLE *v.* HOGAN.

1. CRIMINAL LAW—ACCESSORIES—AIDING AND ABETTING.

   The amount of advice or encouragement rendered by an accessory to a crime is not material if it had effect in inducing the commission of the crime, nor is the matter of time when advice, aid, or encouragement was rendered an important element.

2. SAME—ROBBERY ARMED—ACCESSORY—EVIDENCE.

   Defendant charged with crime of robbery armed, who did not participate in the act of robbery itself, *held*, to have been an accessory, punishable as a principal under the statute, where he actively participated in planning the robbery, brought the perpetrators together at his home, suggested the plan of escape, picked up one of the perpetrators after the robbery, shared in the proceeds, and got rid of the money bag taken in the robbery (CL 1948, §§ 750.524, 767.39).

3. WITNESSES—SEQUESTRATION—DISCRETION OF COURT.

   Sequestration of witnesses during the jury trial of a person charged with a crime is discretionary with the court.

4. SAME—SEQUESTRATION—DISCRETION OF COURT.

   Denial by trial court, in nonjury trial for crime of robbery armed, of motion by one defendant to exclude prosecution's witnesses from courtroom while he testified, made after prosecution's case was presented and after a defense witness had testified, *held*, not an abuse of discretion, where no good cause to grant the motion was shown (CLS 1961, § 600.1420, CL 1948, § 750.529).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 9] 21 Am Jur 2d, Criminal Law § 115 *et seq.*
[2] 21 Am Jur 2d, Criminal Law § 124.
[3, 4] 53 Am Jur, Trial § 31.
[5] 58 Am Jur, Witnesses § 767 *et seq.*
[6] 58 Am Jur, Witnesses § 860 *et seq.*
[7] 5 Am Jur 2d, Appeal and Error § 867.
[8] 5 Am Jur 2d, Appeal and Error §§ 786, 839, **883.**

5. CRIMINAL LAW—PRIOR INCONSISTENT STATEMENT—IMPROPER READ-
      ING—IMPEACHMENT.

> Irregular action of prosecutor in reading into evidence a prior
> written statement of a codefendant in a nonjury trial for
> armed robbery, after defendant's counsel had improperly tried
> to impeach the codefendant's testimony using the statement,
> *held,* not to have caused reversible error (CL 1948, § 750.529).

6. SAME—TRIAL JUDGE—TRIER OF FACTS.

> The trial judge, where the trier of fact, has the duty to deter-
> mine the credibility of the witnesses and to decide the dis-
> puted issue.

7. SAME—APPEAL—CONFLICTING EVIDENCE.

> The Court of Appeals will not weigh conflicting evidence on
> appeal in a criminal case.

8. SAME—NONJURY CASE—SUFFICIENCY OF EVIDENCE.

> The Court of Appeals will not set aside the verdict on the
> ground the evidence was insufficient to sustain it where evi-
> dence in nonjury criminal case is sufficient to support trial
> judge's finding of guilt beyond a reasonable doubt.

9. ROBBERY—ARMED—ACCESSORY—EVIDENCE.

> Evidence adduced in nonjury prosecution of accessory for rob-
> bery armed *held,* sufficient to support a finding of defendant's
> guilt beyond a reasonable doubt (CLS 1961, § 750.529).

Appeal from Wayne; Bohn (Theodore R.), J.
Submitted Division 1 June 6, 1967, at Detroit.
(Docket No. 2,171.)    Decided December 6, 1967.
Rehearing denied February 9, 1968.

Roark Hogan was convicted of armed robbery.
Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, and *Samuel J. Torina,* Chief
Appellate Lawyer, and *Richard J. Padzieski,* Assist-
ant Prosecuting Attorney, for the people.

*Norman Zemke,* for defendant.

.

McGregor, J.   This appellant attacks the sufficiency of the testimony implicating him in a consummated armed robbery, CL 1948, § 750.529 (Stat Ann 1954 Rev § 28.797), and the subsequent verdict of guilty entered by the circuit court, sitting without a jury.

Before trial, codefendants James E. Sprinkle and Judith Ann Smith pleaded guilty to an added count of robbery unarmed.   Both testified against appellant.   The information charged defendants Hogan, Sprinkle, and Smith with having robbed one James N. Robinson of $90 while being armed with a pistol on March 30, 1964.   Jeanette Robinson testified that she and her husband ran a small retail grocery store and that on March 30, 1964, codefendant Sprinkle robbed her and her husband of approximately $120 at gunpoint.

Codefendant Smith testified as a witness for the prosecution that on March 29, 1964, she telephoned defendant Hogan and he told her that codefendant Sprinkle had a place picked out; that on March 30, 1964, she went to Hogan's house and the three of them went into the den where Hogan and Sprinkle discussed the location of the proposed robbery; that Hogan did not enter into the conversation until he suggested to Sprinkle that after the robbery Sprinkle stop by one William Hassen's house, which was about 3 or 4 blocks from the scene, and telephone Hogan to pick Sprinkle up; that Smith and Sprinkle left Hogan's and purchased some bullets for Sprinkle's gun; that Smith drove, and that Sprinkle went in and conducted the robbery while Smith waited in the car; that afterwards, they went to Hassen's house where Smith and Sprinkle divided the money.

On cross-examination, codefendant Judith Ann Smith testified that Hogan suggested the hold-up but that Hogan did not help in the actual planning

of the *modus operandi.* Appellant's counsel was provided with the statements of Judith Ann Smith, the original having been taken by a police officer at the House of Correction. When appellant's counsel attempted to cross-examine codefendant Smith concerning statements she made to the officer, objection was made by the prosecutor and was sustained. The court ruled that defense counsel should show the statement to the witness and let her read it, but defense counsel did not do so, claiming that he wanted to show prior inconsistent statements. The court ruled that the statement was inadmissible without a foundation having been laid in advance to determine the truth of the statements, even for purposes of impeachment. Thereupon, appellant's counsel called a police officer for cross-examination, who identified exhibit "1" as being the statement which codefendant Smith had given to him, in her own handwriting, on October 27, 1964, at the Detroit house of correction. Over objection by appellant's counsel, the prosecutor offered the statement into evidence and it was received. Thereupon, codefendant Smith resumed the stand, and over objection, the prosecution was permitted to read exhibit "1" into the record.

Codefendant Sprinkle testified for the prosecution that he had known defendant Hogan for 7 or 8 years and was living with defendant Hogan in March, 1964; that on March 30, 1964, he met Smith at Hogan's house; that the three of them went into Hogan's den where Sprinkle showed Smith the gun and Smith asked Sprinkle if he had a job in mind; that Sprinkle said "yes"; that Hogan was sitting nearby and could hear what was being said but did not take part in the conversation up to this time; that Hogan suggested that after the armed robbery was completed, Smith should drop Sprinkle off at Hassen's and that Sprinkle should call Hogan from

there; that after the robbery was completed, Hogan inquired about how much was obtained from the job and Sprinkle gave Hogan the change; that the next day, Sprinkle and Hogan returned to Hassen's and picked up the guns and the money; and that thereafter, Hogan threw the bank bag out of the window of the car.

At the close of the plaintiff's proofs, appellant's counsel made a motion for directed verdict which was denied. The only witness for the appellant was Marvin Blake, his attorney, who testified that he interviewed the other two codefendants in the case; that he saw Mr. Sprinkle at the Wayne county jail on June 26, 1965, and received consent from Sprinkle to take notes during the interview; that they talked for about 45 minutes while the attorney took notes; that codefendant Sprinkle stated that he thought by testifying against Hogan and involving him in the hold-up he would get even with Hogan for having turned Sprinkle in; that Sprinkle also said he would testify against Hogan because of Hogan's complaint, along with William Hassen, against Sprinkle's father. Appellant's counsel also testified concerning an interview he had had with codefendant Smith; that he requested permission to take notes but Smith stated she did not want him to do so; that she said she did not know whether or not she was going to testify against Hogan, but that she would like to hear what Sprinkle had to say first, "Then I'll know what I want to say on the witness stand."

At the conclusion of appellant's counsel's testimony, he moved the court to exclude from the courtroom all witnesses. The prosecution objected and the motion was denied. Defendant Hogan was found guilty of robbery armed. Timely motion for new trial was filed and an order was entered denying the motion for new trial.

The first issue appears to be whether the alleged actions of the defendant Hogan, *i. e.,* planning of the robbery, bringing the participants together at his home, suggesting the plan of escape, et cetera, constitute a legal basis for a conviction of armed robbery on the basis that defendant Hogan was an accessory. Michigan has a statute, CL 1948, § 767.-39 (Stat Ann 1954 Rev § 28.979) abolishing the distinction between principals and accessories, as follows:

"Every person concerned in the commission of an offense, whether he directly commits the act constituting the offense or procures, counsels, aids, or abets in its commission may hereafter be prosecuted, indicted, tried and on conviction shall be punished as if he had directly committed such offense."

The controlling law is to be found in the case of *People* v. *Washburn* (1938), 285 Mich 119, 126, where the Michigan Supreme Court quoted approvingly from 1 RCL, Accessories, § 27, p 147:

" 'The amount of advice or encouragement rendered is not material if it had effect in inducing the commission of the crime. Nor is the time of rendering the advice, aid or encouragement an important element.' "

There was evidence that appellant did more than just stand by and watch the proceeding; he actively participated in the planning of the robbery, brought the perpetrators together at his home, suggested the plan of escape, picked up one of the codefendants after the robbery, shared in the proceeds, and got rid of the money bag after the robbery. There was enough testimony, if believed by the trier of the facts, to find the appellant guilty of the charge. *People* v. *Knoll* (1932), 258 Mich 89.

The appellant further contends that the trial court erred in failing to exclude the prosecution's witnesses from the courtroom during the time when defendant Hogan might testify. After the prosecution had presented its case and the defense had already presented a witness, appellant made a motion to exclude the prosecution's witnesses. CLS 1961, § 600.1420 (Stat Ann 1962 Rev § 27A.1420) provides in part:

"The sittings of every court within this State shall be public except that a court may, for good cause shown, exclude from the courtroom other witnesses in the case when they are not testifying."

It is the contention of the appellant that under the circumstances of the case there was good cause shown to the trial judge for excluding these witnesses, and that failure to do so constituted an abuse of discretion by the trial court. *People* v. *Sawicki* (1966), 4 Mich App 467 has determined this issue, and we quote with approval from pages 472 and 473 thereof:

"The issue raised by appellants' first question is whether the trial judge abused his discretion in denying counsel for defendants' motion to exclude witness McAfee from the courtroom while witness Parker was on the witness stand. At the time of the motion, 7 prosecution witnesses had previously testified and Parker was being examined. No previous motion for sequestration had been made. The stated reason for the court's refusal of the motion was that 7 witnesses had already testified, and it would be unfair to grant the motion at such a late stage. The names of both Parker and McAfee were indorsed upon the information as prosecution witnesses, and defendants' counsel was charged with the knowledge that they would be called to testify as well as the other witnesses' names so indorsed.

"As we said in *People* v. *Likely* (1966), 2 Mich App 458, p 461: 'The matter of sequestering of witnesses is discretionary with the court.'"

The prosecution witnesses had already finished testifying when the motion was made and no good cause to grant the motion was shown. No abuse of discretion is manifested under these facts.

After defense counsel had cross-examined witness Smith, he then attempted the impeachment without laying the proper foundation. The prosecutor, only after defense counsel had attempted such improper impeachment, introduced the statement into evidence. Appellant raises the claim that the trial court committed reversible error in allowing the introduction into evidence of the prior statement of witness Smith and permitting it to be read into evidence. In the absence of a jury, the prosecutor's irregular action in reading the prior statement of the witness in her presence, after improper attempts at impeachment by the defense, did not constitute reversible error. *People* v. *Thomas* (1960), 359 Mich 251.

We now come to the question of whether the prosecution proved the defendant Hogan guilty beyond a reasonable doubt. It is fundamental law of this State that the trial judge, as the trier of the facts, has the duty to determine the credibility of the witnesses and to decide the disputed issue. In the present matter, it is apparent that the trial judge believed the testimony of the prosecution's witnesses. This Court will not, on appeal in a criminal case, weigh conflicting evidence. The trial judge, who has heard and seen the witnesses, is in a far better position than this Court to determine their credibility. It is obvious that the court believed the prosecution's witnesses and such evidence was ample to find the defendant guilty beyond a

reasonable doubt. This Court will not reverse the judgment of the trial court unless the evidence clearly preponderates in a direction opposite to the findings of fact by the trial court. Any claim that the prosecution failed to prove the guilt of the appellant beyond a reasonable doubt is in fact an attack upon the credibility of the witnesses. In a criminal case, conflict of testimony may arise. It is for this reason that the credibility of various witnesses and the weight to be given to their testimony is for the determination of the trier of the facts. *People* v. *Szymanski* (1948), 321 Mich 248; *People* v. *Clark* (1954), 340 Mich 411. This evidence supports a finding of appellant's guilt beyond a reasonable doubt.

Affirmed.

GILLIS, P. J., and THORBURN, J., concurred.