PEOPLE *v.* GUNN

Robbery—Armed Robbery—Assault—Evidence—Sufficiency.

Testimony that defendants broke into a woman's apartment, announced their intention to commit a robbery, discharged a pistol near a guest, and fled when the woman ran from the apartment screaming, and that they were arrested some 20 minutes later at a market about 3/4 mile from the apartment was sufficient to support a finding of guilt of assault with intent to rob being armed, even though there was some confused testimony, the pistol was not recovered, no bullet was found, and the results of some of the tests made on a scarf which had been wrapped around the handle of the pistol favored a finding that the pistol had not been fired with the scarf wrapped around it (MCLA § 750.89).

Appeal from Muskegon, John H. Piercey, J. Submitted Division 3 December 5, 1969, at Grand Rapids. (Docket No. 5,362.) Decided October 2, 1970.

Henry Gunn and Horace Williams were convicted of assault with intent to commit armed robbery. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Paul M. Ladas,* Prosecuting Attorney, and *Noel G. Petersen,* Assistant Prosecuting Attorney, for the people.

*Harold M. Street,* for defendants on appeal.

Reference for Points in Headnote
46 Am Jur, Robbery §§ 50–54.

Before: FITZGERALD, P. J., and R. B. BURNS and BRONSON, JJ.

PER CURIAM. Defendants, Henry Gunn and Horace Williams, were tried in the Muskegon county circuit court and found guilty of assault with intent to commit armed robbery. MCLA § 750.89 (Stat Ann 1962 Rev § 28.284). Defendant Gunn was sentenced to from 3–1/2 to 10 years in prison. Defendant Williams was sentenced to from 3 to 10 years in prison. After a motion to set aside the finding of guilty was denied, this appeal was brought.

At trial, there was testimony that on the evening of September 13, 1967, defendants broke into the apartment of Pearl Miller; announced their intention to commit robbery; discharged a pistol near a guest of Mrs. Miller; fled when Mrs. Miller ran from the apartment screaming; and finally that defendants were arrested some 20 minutes after the incident at a market approximately three-quarters of a mile away from Mrs. Miller's apartment.

Although there was confusing and, at times, contradictory testimony, the trial judge found that the evidence presented was sufficiently compelling so as to support a finding of guilt beyond any reasonable doubt.

Defendants urge that the court could not have reasonably found sufficient evidence of guilt from the testimony of the alleged victim, Mrs. Miller, which was confused, or from that of the police officers involved, which was, they argue, fatally inconsistent. Defendants contend primarily that all evidence presented militates against a finding of guilt and that the lower court was thus incorrect in its holding. Tests made by the officers on a scarf which had been wrapped around the handle of the gun supposedly fired in Mrs. Miller's apart-

ment are particularly attacked by defendants since the results of some of the tests favored a finding that the gun had not been fired with the scarf around it. Defendants submit that to find to the contrary that the gun had been fired was error.

The gun allegedly used in the attempted robbery was not recovered. No bullet has been found in Mrs. Miller's apartment. It is speculated by plaintiff that a blank cartridge was fired. Further, there was conflicting testimony to the effect that defendant Gunn had a scarf wrapped around part of the pistol. Although a scarf was taken from defendant Gunn upon his arrest, no tests were made, prior to trial, to determine whether or not it contained powder burns. Nor were tests for gunpowder burns made upon defendant Gunn's hands. Defendants maintain that these omissions or lack of diligent investigation by the police amounted to a suppression of evidence. The police testified that they lacked the proper equipment to perform such tests.

MCLA § 750.89 (Stat Ann 1962 Rev § 28.284) reads:

"Any person, being armed with a dangerous weapon, *or any article used or fashioned in a manner to lead a person so assaulted reasonably to believe it to be a dangerous weapon,* who shall assault another with intent to rob and steal shall be guilty of a felony, punishable by imprisonment in the state prison for life, or for any term of years." (Emphasis supplied.)

There was sufficient testimony by several witnesses, who identified the defendants as the would-be robbers, that a shot was fired. Although neither the gun nor physical evidence which would tend to corroborate its existence were introduced, there was enough evidence to convince the trial court of the guilt of the two defendants. Defendants' arguments

do not maintain that evidence which tends to prove their innocence was suppressed, but rather that the evidence not gleaned nor introduced would fail to show their guilt. Defendants' appeal must fail.

Since the trial court is in a better position to weigh the credibility of the witnesses, we will not disturb its findings unless they are shown to be clearly erroneous. The trial judge in the present case found, on the evidence before him, that defendants were guilty beyond a reasonable doubt. The trial records and transcript support such a finding.

Affirmed.