PEOPLE v. WOLFE

WITNESSES—CREDIBILITY OF WITNESSES—STANDARD OF REVIEW.
  The credibility of the witnesses is to be determined by the
    trier of fact; the trial court's finding will not be reversed
    unless a clear preponderance of the evidence establishes an
    opposite finding.

Appeal from Recorder's Court of Detroit, Elvin
L. Davenport, J. Submitted Division 1 June 18,
1970, at Detroit. (Docket No. 8,990.) Decided
October 6, 1970.

Robert William Wolfe was convicted of robbery
armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Leonard Meyers,*
Assistant Prosecuting Attorney, for the people.

*Jack J. Kraizman,* for defendant on appeal.

Before: LESINSKI, C. J., and HOLBROOK and
T. M. BURNS, JJ.

PER CURIAM. Defendant Robert William Wolfe
was tried before a judge without a jury in Record-

REFERENCE FOR POINTS IN HEADNOTE
58 Am Jur, Witnesses § 862.

er's Court in the city of Detroit for robbery armed—aiding and abetting.[1] He was found guilty and sentenced to serve from ten to twenty years in the state prison. Defendant appeals, contending that the evidence was not sufficient for the trial court to make a finding of guilty beyond a reasonable doubt. The basis for defendant's appeal is an attack on the credibility of the three prosecution witnesses who placed the defendant at the scene of the crime.

The weight given to testimony is determined by the trier of fact and will not be reversed unless a clear preponderance of the evidence establishes an opposite finding. *People* v. *Doris White* (1965), 2 Mich App 104; *People* v. *Szymanski* (1948), 321 Mich 248; *People* v. *Hogan* (1967), 9 Mich App 78.

In the present case three witnesses placed defendant at the scene of the crime and one of the witnesses who pled guilty to a charge of unarmed robbery arising out of the same offense stated that the defendant drove the car and took a share of the stolen money. There is nothing in the record which would justify this court's reversal of the trial court's finding of fact.

Affirmed.

---

[1] CL 1948, § 750.529, as amended by PA 1959, No 71 (Stat Ann 1970 Cum Supp § 28.797); CL 1948, § 767.39 (Stat Ann 1954 Rev § 28.979).