PEOPLE v. WILLIE FIELDS

1. FORGERY—UTTERING AND PUBLISHING—FORGED INSTRUMENT—EVIDENCE.

Any competent evidence tending to prove the uttering is admissible in a prosecution for uttering a forged instrument.

2. FORGERY—UTTERING AND PUBLISHING—EVIDENCE—INFERENCES.

Testimony that the defendant presented a certain check made out to another as payee to a store clerk, but refused to indorse it himself or to produce his driver's license, and the check itself admitted as an exhibit bearing the forged indorsement of the payee, permitted the trial judge in a nonjury trial to draw the inference that the forged indorsement was on the check when the defendant attempted to pass it to the store clerk (MCLA § 750.249).

3. CRIMINAL LAW—NON-JURY TRIAL—EVIDENCE—WEIGHT OF TESTIMONY.

The weight given to testimony is determined by the trier of the fact and will not be reversed unless a clear preponderance of the evidence established an opposite finding (MCLA § 750.249).

Appeal from Muskegon, Albert J. Engel, J. Submitted Division 3 January 8, 1971, at Grand Rapids. (Docket No. 9036.) Decided January 29, 1971.

Willie Fields was convicted of uttering and publishing. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 36 Am Jur 2d, Forgery §§ 20, 44–48.
[3] 30 Am Jur 2d, Evidence § 1124 et seq.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Paul M. Ladas,* Prosecuting Attorney, and *Fredric A. Grimm, Jr.,* Chief Assistant Prosecuting Attorney, for the people.

*Marcus, McCroskey, Libner, Reamon, Williams & Dilley* (by *Darryl R. Cochrane*), for defendant on appeal.

Before: HOLBROOK, P. J., and MCGREGOR and T. M. BURNS, JJ.

PER CURIAM. Defendant was charged with uttering and publishing a forged check. CL 1948, § 750.249 (Stat Ann 1962 Rev § 28.446).[1]

On February 1, 1969, defendant picked out a hat in a clothing store. He asked the clerk if she would cash his girl friend's ADC check for $139 made out to Alice Jane Doxey. The clerk told him that if he would sign the check, put his name and address on it, and produce his driver's license, she would cash the check. Defendant said his girl friend wouldn't want him to sign her check or put his name on it. He took the check and left without purchasing the hat.

Although defendant registered a timely objection, the check was admitted into evidence as an exhibit. The check was endorsed in the name of Alice Jane Doxey. Mrs. Doxey testified that she did not know defendant, that she never received the check through

---

[1] "Any person who shall utter and publish as true, any false, forged, altered or counterfeit record, deed, instrument or other writing mentioned in the preceding section, knowing the same to be false, altered, forged or counterfeit, with intent to injure or defraud as aforesaid, shall be guilty of a felony, punishable by imprisonment in the state prison not more than 14 years."

the mail on the appointed date or subsequently, and that her signature was forged.

Defendant, in a nonjury trial, was convicted as charged and sentenced.

On appeal, defendant contends that there was insufficient evidence to prove the check was false, altered, forged, or counterfeit, or that the name Alice Jane Doxey was on the back of the check at the time it was attempted to be passed to the store clerk.

To show uttering of a forged instrument, any competent evidence tending to prove the uttering is admissible. An exhibit may be offered merely to show that such a check was made, not to prove the truth of any matter asserted therein. *People* v. *Parm* (1968), 15 Mich App 303, 305. The exhibit was properly admitted.

At trial, the store clerk identified the exhibit as the one presented to her. The instrument, as received and identified, had the name of Alice Jane Doxey endorsed on the back. The authenticity of the instrument as admitted was never overcome by clear or convincing evidence. Clear instructions on the face of the check required payee endorsement. Defendant, according to trial testimony, refused to put his name or address on the check or to produce his driver's license.

Defendant assumes, without a scintilla of proof, that there is a possibility that the name of the payee was not endorsed on the check at the time it was presented to the store clerk, and that the forgery of the payee's name could have occurred at a subsequent passing of the check.

There is sufficient evidence, if believed, to establish that the name Alice Jane Doxey was forged and that this forged name was on the check when presented to the store clerk. This is a reasonable

inference for the court to make in the light of the testimony and circumstances. It is not an impermissible inference, as claimed by the defendant.

The weight given to testimony is determined by the trier of the fact and will not be reversed unless a clear preponderance of the evidence established an opposite finding. *People* v. *Doris White* (1965), 2 Mich App 104; *People* v. *Hogan* (1967), 9 Mich App 78; *People* v. *Wolfe* (1970), 27 Mich App 223. The defense, in this criminal case, is founded upon assumptions and inferences that there is no concrete opposing or rebuttal evidence upon which to conclude that the defendant is not guilty. The trial judge in the present case found, on the evidence before him, that the defendant was guilty beyond a reasonable doubt. The trial records and transcript support such a finding. *People* v. *Gunn* (1970), 27 Mich App 86; *People* v. *Johnson* (1968), 11 Mich App 643.

Affirmed.