PEOPLE *v.* LAWSON

Rape—Evidence—Complaint by Prosecutrix—Admissibility.
  The fact of a complaint by a rape victim can be shown in cor-
    roboration of the prosecutrix, but the details related cannot.

Appeal from Van Buren, David Anderson, Jr., J.
Submitted Division 3 June 10, 1971, at Grand Rap-
ids.  (Docket No. 9202.)   Decided June 25, 1971.
Leave to appeal denied, 385 Mich 787.

Elmer Lawson was convicted of statutory rape.
Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *William C. Buhl,*
Prosecuting Attorney, for the people.

*Neal & Grier,* for defendant.

Before:  R. B. Burns, P. J., and Fitzgerald and
J. H. Gillis, JJ.

Per Curiam.   The 17-year-old defendant was con-
victed by a jury of statutory rape, MCLA § 750.520
(Stat Ann 1954 Rev § 28.788).   His defense was
alibi.
We have reviewed the alleged errors.   A proper
foundation was laid for the admission of people's

---

Reference for Points in Headnote
44 Am Jur, Rape § 82 *et seq.*

exhibit 1 (a pair of sperm-stained panties). It was not error to ask the defendant about his previous criminal record to test his credibility. MCLA § 600-.2159 (Stat Ann 1962 Rev § 27A.2159); *People* v. *Nelson White* (1970), 26 Mich App 35; *People* v. *Cantrell* (1970), 27 Mich App 210; and *People* v. *Butler* (1970), 27 Mich App 404. Testimony that the 13-year-old complainant said she had been raped was properly admitted under the ancient rule of the common law that the fact of complaint by a rape victim could be shown in corroboration of the prosecutrix but the details could not. *People* v. *Baker* (1930), 251 Mich 322. The credibility of the witnesses was for the jury to determine. *People* v. *Wolfe* (1970), 27 Mich App 223.

Affirmed.