PEOPLE *v* SANDERS

Criminal Law—Intent—Intoxication—Evidence.
  Testimony of arresting police officers that defendant acted
    normally and was not intoxicated was sufficient to establish
    that the defendant did know what he was doing at the time
    of the crime.

Appeal from Kent, Roman J. Snow, J. Submitted Division 3 March 9, 1972, at Grand Rapids. (Docket No. 11449.) Decided March 28, 1972.

Hubert G. Sanders was convicted of taking possession and driving away a motor vehicle wilfully and and without authority. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, and *Donald A. Johnston III,* Chief Appellate Attorney, for the people.

*Bruce M. Bieneman,* for defendant on appeal.

Before: T. M. Burns, P. J., and Fitzgerald and Danhof, JJ.

Per Curiam. Defendant was convicted in a nonjury trial in Kent County of taking possession and

driving away a motor vehicle.[1]  He appeals from his three- to five-year sentence.

The fact of possession without authority is not disputed.  Police officers testified that they stopped defendant for erratic driving intending to charge him with reckless or careless driving.  Through police radio communication, they learned the automobile was stolen.  In the opinion of the officers, defendant acted normally and was not intoxicated. The defense was intoxication and inability to form a willful intent to take the automobile, defendant claiming he remembered nothing after departure from a bar to waking up in jail the next morning.

The sole question on appeal is whether the people's evidence supports the court's factual determination that the defendant willfully took possession of the vehicle and drove it away.

The court found from the evidence that defendant was able to form a willful intent to commit the crime charged beyond a reasonable doubt.  The testimony of the police officers, if believed, was sufficient to establish that the defendant did know what he was doing at the time of the crime.  The trial records and transcript support this finding.  *People* v *Johnson,* 11 Mich App 643 (1968); *People* v *Gunn,* 27 Mich App 86 (1970); *People* v *Willie Fields,* 30 Mich App 264 (1971).

Affirmed.

---

[1] MCLA 750.413; MSA 28.645.