PEOPLE v WINGFIELD

1. CRIMINAL LAW—EVIDENCE—CIRCUMSTANTIAL EVIDENCE—VERDICT
   OF GUILTY—SUFFICIENCY OF EVIDENCE.
   Circumstantial evidence is sufficient to support a verdict of guilty
   if the facts proven not only point to a defendant's guilt but also
   are inconsistent with any other reasonable hypothesis upon
   which the defendant's innocence may be maintained.

2. LARCENY—EVIDENCE—SUFFICIENCY OF EVIDENCE.
   There was sufficient evidence to support a defendant's conviction
   for larceny in a building where the evidence was that the
   defendant was left alone in a service station, money was in the
   station when the defendant entered and gone when he left, and
   no one else was in the station prior to the theft.

3. WITNESSES—CRIMINAL LAW—INDORSED WITNESSES—PRODUCTION—
   PROSECUTOR'S DUTY—JUDICIAL DISCRETION.
   A defendant has the right to presume, unless informed otherwise,
   that the prosecutor will produce all witnesses indorsed on the
   information, even those witnesses favorable to the defendant;
   however, it is within the court's discretion to excuse production
   of an indorsed witness where the prosecution has satisfied the
   court that a diligent attempt to produce the witness has been
   made and the witness cannot be produced.

4. WITNESSES—CRIMINAL LAW—INDORSED WITNESSES—PRODUCTION—
   DUE DILIGENCE—PROSECUTOR'S DUTY.
   A prosecutor failed to establish due diligence in attempting to
   produce a witness indorsed on the information where the
   prosecutor and the police had specific information as to the
   location of the witness, and had made unsuccessful attempts to
   contact the witness at the address listed on the witness's
   automobile registration, but had never attempted to make
   contact by telephone or to make inquiries of the witness's

REFERENCES FOR POINTS IN HEADNOTES
[1] 30 Am Jur 2d, Evidence §§ 1120–1122, 1125–1127.
[2] 50 Am Jur 2d, Larceny §§ 145, 155.
[3, 4] 58 Am Jur, Witnesses § 111.

neighbors; if an attempt to produce a witness is unsuccessful, it does not justify a failure to make further reasonable attempts.

Appeal from Genesee, Ollie B. Bivins, Jr., J. Submitted Division 2 April 16, 1975, at Lansing. (Docket No. 20520.) Decided June 11, 1975.

Seeber T. Wingfield, Jr., was convicted of larceny in a building. Defendant appeals. Remanded for further proceedings.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *F. Jack Belzer,* Assistant Prosecuting Attorney, for the people.

*Richard P. King,* for defendant on appeal.

Before: Danhof, P. J., and Bashara and D. E. Holbrook, Jr., JJ.

Per Curiam. Defendant was convicted by a jury of larceny in a building contrary to MCLA 750.360; MSA 28.592, and appeals.

On August 20, 1973, at approximately 5:30 p.m. a man, later identified as the defendant, entered a service station driving a Cadillac automobile. The defendant asked the service station attendant to check under the hood and entered the station building for the apparent purpose of using the restroom. Mr. John Maser, a co-owner of the establishment, testified that as he entered the building to fill out a credit card billing for another customer the defendant was exiting the restroom. The defendant then asked Maser about the cost of new tires; whereupon Maser told defendant that he would give him a price when he finished with his other customer. Maser testified that upon return-

ing to the station the defendant was leaving and that he went almost immediately into the office where the money was kept only to find it missing. Maser also testified that before the defendant entered the station the money was there and that no one else had entered the station.

Mr. Maser further testified that he got in his car and drove to another service station where he saw the defendant's car. Maser unsuccessfully attempted to block his exit but he was able to observe the license number of the Cadillac. One of the employees of that gas station called the police and defendant was later apprehended. Defendant first contends that there was insufficient evidence to support a jury verdict of guilty. While the prosecution's case was based solely on circumstantial evidence, such evidence is sufficient to support a verdict of guilty, if the facts proven not only point to the defendant's guilt but also are inconsistent with any other reasonable hypothesis upon which the defendant's innocence may be maintained. *People v Crown,* 33 Mich App 266; 189 NW2d 810 (1971), *People v Morrow,* 21 Mich App 603, 175 NW2d 523 (1970).

The defendant's being left alone in the service station coupled with the fact that the money was there when he entered and gone when he left, and the testimony that no one else was in the station prior to the money's being stolen was sufficient to support defendant's conviction.

Defendant next contends that the court erred in excusing the prosecution from producing a witness endorsed on the information.

The witness not produced was one Angela Nash who may have been in the automobile with defendant, although none of the witnesses got a good look at defendant's passenger. The car defendant was

driving was registered to Ms. Nash. At trial officer Richard Lindstrom testified that on four occasions within a six-day span between the hours of 9 a.m. and 4:30 p.m. he went to the address listed on Nash's automobile registration. He found that the address had Nash's name on the door but on each visit no one was home. Officer Lindstrom also testified that he left his police department calling card, requesting her to telephone him and that upon returning to Nash's home the card was no longer in the door.

Officer Lindstrom further testified that he had a folder on Ms. Nash with a photograph of her. On cross-examination, the officer admitted he never attempted to reach Ms. Nash by telephone, nor did he check the telephone directory for her number, nor did he make any inquiries of her neighbors.

The trial court, after hearing arguments on defendant's motion, found that it was "speculation" that Ms. Nash was a res gestae witness but did accept the assumption that Ms. Nash was the person accompanying the defendant in the Cadillac. The court, after elaborating that it was a question of discretion, held that the prosecutor was excused from producing Ms. Nash because their efforts satisfied the due diligence exception for nonproduction of a witness.

We feel obligated to comment on two statements of law made by the trial judge. First, the court stated that since the defendant presumably knew the witness, "I believe that there is some duty on this defendant to produce that which he can produce * * * ". The court then indicated that since Ms. Nash was known to the defendant it is reasonable to infer that it was his trial tactics to tell her to hide out.

Until the prosecutor moved to excuse the pro-

duction of Ms. Nash, the defendant had the right to presume, unless informed otherwise, that the prosecutor would produce all witnesses endorsed on the information. *People v Zabijak,* 285 Mich 164; 280 NW 149 (1938). The defendant had no "duty" to produce Ms. Nash. Further, even assuming Ms. Nash was friendly to the defendant, the prosecutor was not relieved of his obligation to produce an endorsed witness. *People v Harrison,* 44 Mich App 578; 205 NW2d 900 (1973).

If Ms. Nash was not a res gestae witness, the prosecutor was[1] not required to endorse her name on the information. However, once she was endorsed the prosecutor was duty bound to produce her. *People v Kern,* 6 Mich App 406; 149 NW2d 216 (1967), *People v Mitchell,* 48 Mich App 361; 210 NW2d 509 (1973). It is within the court's discretion to excuse production of such a witness once a diligent attempt to produce her has been made. *People v Claugherty,* 36 Mich App 648; 194 NW2d 54 (1971).

A review of cases finding due diligence or the lack thereof[2] leads us to the conclusion that this case falls in the latter category. The prosecutor and the police had specific leads to the location of the missing witness. When this is so, general inquiries are usually deemed insufficient. If an attempt is unsuccessful, it does not justify a failure to make further reasonable attempts. *People v McIntosh,* 389 Mich 82; 204 NW2d 135 (1973).

On the record before us we are unable to say

---

[1] We are not concluding Ms. Nash was not a res gestae witness, in fact she may be. We say this because there is a rebuttable presumption that persons present at the time and place are res gestae witnesses. *People v Frank Johnson,* 58 Mich App 1; 226 NW2d 730 (1975).

[2] *See People v Johnson,* 51 Mich App 224; 214 NW2d 713 (1974), *People v Eugene Harris,* 43 Mich App 531; 204 NW2d 549 (1972), and the cases cited therein.

that due diligence was exercised in attempting to produce the witness.

We agree with the procedure adopted in the recent case of *People v James,* 51 Mich App 777, 784; 216 NW2d 473 (1974). There the Court stated:

> "However, rather than to order what might turn out to be a 'useless new trial', but to 'avoid a possible miscarriage of justice' we adopt the remedy utilized by the Michigan Supreme Court in the recent decision of *People v Robinson,* 390 Mich 629, 633; 213 NW2d 106 (1973)."

We, therefore, in accordance with *Robinson, supra,* retain jurisdiction of this matter and remand to the trial court pursuant to GCR 1963, 865.1(5). It shall be the obligation of the judge to require the prosecutor to produce, or explain why he cannot produce Ms. Nash. If said Ms. Nash is produced, she shall be examined regarding her knowledge of the crime of which defendant was convicted.

At the conclusion of the remand hearing, the trial judge shall take such action as he deems required. If a new trial is ordered, this Court shall relinquish jurisdiction. If a new trial is not ordered, the trial judge shall within 15 days after the hearing, state his findings. The transcript of that hearing and the judge's statements shall be forwarded to this Court. Defendant may file a supplemental brief within 15 days after the trial court reaches its decision, and the people may file their brief within 15 days after receipt of defendant's brief.

We hold the final disposition of this cause in abeyance, pending compliance with the procedure we have outlined above.

Remanded.