PEOPLE v WINGFIELD (AFTER REMAND)

WITNESSES—CRIMINAL LAW—RES GESTAE WITNESSES—FAILURE TO
  PRODUCE—SUBSEQUENT HEARING—MISCARRIAGE OF JUSTICE.

  A defendant's motion for new trial based upon the failure of the
  prosecution to produce an indorsed res gestae witness was
  properly denied and no miscarriage of justice occurred where
  the witness testified under oath at a hearing subsequent to the
  trial that she had no personal knowledge of the acts of the
  defendant on the date the crime was alleged to have taken
  place and that she was not with the defendant at any time on
  that particular date.

Appeal from Genesee, Ollie B. Bivins, Jr., J. Submitted April 16, 1975, at Lansing. (Docket No. 20520.) Decided September 11, 1975.

Seeber T. Wingfield, Jr., was convicted of larceny in a building. Defendant appealed. Remanded by the Court of Appeals for an evidentiary hearing with jurisdiction retained, 62 Mich App 161 (1975). Following the hearing and a denial of a motion for a new trial by the circuit court, affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *F. Jack Belzer,* Assistant Prosecuting Attorney, for the people.

*Richard P. King,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTE
41 Am Jur 2d, Indictments and Informations §§ 55, 56, 60.
58 Am Jur, Witnesses § 111.

Before: Danhof, P. J., and Bashara and D. E. Holbrook, Jr., JJ.

## After Remand

Per Curiam. This cause was remanded to the trial court for an evidentiary hearing in accordance with the mandates of *People v Robinson,* 390 Mich 629; 213 NW2d 106 (1973). We ordered the trial judge to require the prosecution to produce or explain why he could not produce an indorsed witness, one Angela Nash. See *People v Wingfield,* 62 Mich App 161 (1975).

Pursuant to our order, a hearing was held in the Genesee County Circuit Court at which Angela Nash appeared and gave testimony regarding her knowledge of the incidents surrounding the alleged crime. She testified under oath that she had no personal knowledge of the acts of the defendant on the date the crime was alleged to have taken place. She further testified that she was not with the defendant at any time on that particular date.

The trial judge thereupon denied a new trial because, based on the witness's testimony, he opined that no miscarriage of justice occurred by the failure to produce Angela Nash at trial.

Our order allowed defendant the right to file an additional brief within 15 days after the trial court's decision. More than a month having elapsed and no further pleadings having been filed, we consider the matter on the records and briefs as submitted.

We agree with the trial judge's conclusion that no miscarriage of justice occurred by the failure to produce witness Nash at trial. The order denying a new trial is therefore affirmed. We concur with the reasoning of our prior decision in all other respects.

Affirmed.