PEOPLE v MASK

Opinion of the Court

1. Forgery—Uttering and Publishing—Elements of Offense.

The crime of uttering and publishing an instrument cannot be established without proof beyond a reasonable doubt that (1) the accused knew that the instrument was false, and (2) the accused had an intent to defraud.

2. Criminal Law—Evidence—Elements of Crime—Circumstantial Evidence—Sufficiency of Evidence.

Circumstantial evidence is not sufficient to establish an element of a crime where the evidence is not inconsistent with any other reasonable hypotheses upon which the defendant's innocence may be maintained.

3. Forgery—Uttering and Publishing—Evidence—Hypotheses of Innocence—Sufficiency of Evidence.

The evidence in a trial for uttering and publishing a forged instrument was not inconsistent with a reasonable hypothesis of the defendant's innocence (that someone other than defendant stole a check, forged the endorsement, and passed it to defendant) where (1) the defendant sought without identification to cash a prior-endorsed check, (2) the check had a forged endorsement in the name of a payee other than the defendant, (3) there was no evidence that the check was stolen or endorsed by the defendant, and (4) the defendant never represented himself as being the payee.

4. Criminal Law—Evidence—Circumstantial Evidence—Forgery —Elements.

Evidence of such elements of the crime of forgery as knowledge of

References for Points in Headnotes

[1, 3] 36 Am Jur 2d, Forgery §§ 44–46, 48.
[2, 4, 7, 8] 30 Am Jur 2d, Evidence §§ 1091, 1125, 1126.
[5] 30 Am Jur 2d, Evidence § 1172.
[6] 75 Am Jur 2d, Trial § 489.
[9] 29 Am Jur 2d, Evidence § 304.

falsity and intent to defraud is rarely clear and convincing and often can only be proven with circumstantial evidence.

5. CRIMINAL LAW—PROSECUTOR'S BURDEN—ELEMENTS OF CRIME—PRO-
BATIVE EVIDENCE—REASONABLE DOUBT.

The prosecutor's burden of proving the defendant's guilt beyond a reasonable doubt has not been met when there is almost a total lack of probative evidence as to the commission of an element of the crime charged.

6. CRIMINAL LAW—EVIDENCE—DIRECTED VERDICT—INSUFFICIENT EVI-
DENCE—MATTER OF LAW.

Denial of a motion for a directed verdict was reversible error where the evidence produced at trial was insufficient as a matter of law to convict the defendant of the crime charged.

DISSENT BY V. J. BRENNAN, J.

7. CRIMINAL LAW—CIRCUMSTANTIAL EVIDENCE—REASONABLE INFER-
ENCES—SUFFICIENCY OF EVIDENCE.

*Circumstantial evidence and reasonable inferences drawn therefrom can be sufficient to uphold a conviction.*

8. CRIMINAL LAW—EVIDENCE—SUFFICIENCY OF EVIDENCE—APPEAL
AND ERROR.

*A verdict is final and will not be disturbed on appeal where there is sufficient evidence presented at trial to justify the jury's verdict.*

9. CRIMINAL LAW—QUESTION OF FACT—JURY QUESTIONS—INTENT TO·
DEFRAUD—KNOWLEDGE OF FORGERY.

*Evidence showing that a defendant presented a prior-endorsed check to be cashed, did not explain to the cashier that he was not the payee, and carried no identification was sufficient, in a trial for uttering and publishing a forged instrument, to present a question of fact for the jury as to whether the defendant had the requisite criminal intent to defraud and knowledge that the instrument was forged.*

Appeal from Eaton, Richard Robinson, J. Submitted November 6, 1975, at Grand Rapids. (Docket No. 22355.) Decided March 23, 1976.

Robert L. Mask was convicted of uttering and

publishing a forged instrument. Defendant appeals
as of right. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *David L. Smith,*
Prosecuting Attorney (Prosecuting Attorneys Appellate Service, *Edward R. Wilson,* Director, by
*Dennis M. Powers,* Special Assistant Attorney
General), for the people.

*Stuart M. Israel,* Assistant Defender, for defendant.

Before: T. M. BURNS, P. J., and V. J. BRENNAN
and M. F. CAVANAGH, JJ.

T. M. BURNS, P. J. Defendant was convicted by a
jury of uttering and publishing a forged instrument. MCLA 750.249; MSA 28.446. He was sentenced to 2-1/2 to 14 years in prison and appeals
as of right.

At trial, James Cooper testified that while he
was working as a cashier at Don's Truck Stop on
May 2, 1974, defendant entered the truck stop and
placed a check before him. Mr. Cooper's relevant
testimony was as follows:

"*Q.* Did he say anything to you, when he came into
the station, sir?

"*A.* Not anything what he said. He was mumbling,
and he just laid the check up there and said he wanted
to cash it.

*     *     *

"*Q.* What did you do when Mr. Mask put the check
up on the counter?

"*A.* I asked for identification.

"*Q.* Did you look at the check, at all?

"*A.* Yes, I looked at it.

"*Q.* Did you see that endorsement at that time?

"*A.* Yes, I did.

"*Q.* And what was Mr. Mask's action, response when you asked for identification?

"*A.* He told me he didn't have any.

"*Q.* What did you do at that point, sir?

"*A.* I couldn't take the check.

"*Q.* Now after that time, did anyone else enter the station?

"*A.* After that time, Mr. Lonnie entered."

Mr. Lonnie, who apparently accompanied defendant to the truck stop, stated to the cashier that he would endorse the check. He endorsed his name and added his driver's license number and address. The cashier agreed to cash the check, stating that he would have to go and get the money. Leaving defendant and Lonnie standing at the counter, Cooper called the police. After 15 minutes, the police arrived with the defendant and Lonnie still standing at the counter. It was later determined that the check had been stolen and that the payee's name (Stephen W. Wood) had been forged thereon. Of the issues raised on appeal, one merits discussion and mandates reversal.

*Did the trial court commit reversible error by denying defendant's motion for a directed verdict because the evidence produced at trial was insufficient as a matter of law to convict defendant of the crime charged?*

Two of the elements of the crime of uttering and publishing which must be proven beyond a reasonable doubt are knowledge of the falsity of the instrument and intent to defraud. *People v Kimble,* 60 Mich App 690, 694; 233 NW2d 26 (1975). There was insufficient evidence produced by the prosecutor to prove these elements.

Defendant's "knowledge" of the falsity of the check was proven by the weakest of circumstantial

evidence. The evidence produced at trial was not sufficient as it was clearly not inconsistent with other reasonable hypotheses upon which defendant's innocence might be maintained. *People v Wingfield,* 62 Mich App 161; 233 NW2d 220 (1975).

The evidence indicated that defendant sought to cash a U.S. Treasury check payable to a Stephen Wood. The check was endorsed in the name of the payee. When asked for identification, defendant responded that he had none. Defendant did not represent himself as Stephen Wood. Mr. Wood testified that he never received the check, that the endorsement was not his signature, and that he had not authorized the endorsement. There was no evidence that the check had been stolen or endorsed by the defendant.

The prosecutor argues that defendant tacitly put himself forward as Stephen Wood by presenting the check and by not stating that he was *not* the payee. It is also urged that proof of the mental elements of the crime can be based upon the fact that Stephen Wood neither endorsed the check nor authorized another to do so. These facts are equally probative of the argument that someone other than defendant stole the check, forged the endorsement and passed it to the defendant.

Evidence of such elements as knowledge of falsity and intent to defraud is rarely clear and convincing and often can only be proven with circumstantial evidence. In the instant case, however, there is an almost total lack of probative evidence of these elements. We can only conclude that the prosecutor's burden of proving defendant's guilt beyond a reasonable doubt was not met. *Cf. People v Gadson,* 348 Mich 307; 83 NW2d 227 (1957).

Reversed.

M. F. CAVANAGH, J., concurred.

V. J. BRENNAN, J. *(dissenting).* Defendant, Robert Lavern Mask, was convicted by a jury of uttering and publishing forged instruments contrary to MCLA 750.249; MSA 28.446. On September 30, 1974, he was sentenced to serve 2-1/2 to 14 years in prison and appeals as of right.

The people's key witness, one James Cooper, testified that he was working at Don's Truck Stop on May 2, 1974 as a cashier. He stated that the defendant entered the truck stop at approximately 4:30 to 5 p.m. and placed a check before him. The testimony at trial was as follows:

"*Q.* Did he say anything to you, when he came into the station, sir?

"*A.* Not anything what he said. He was mumbling, and he just laid the check up there and said he wanted to cash it.

\*　\*　\*

"*Q.* What did you do when Mr. Mask put the check up on the counter?

"*A.* I asked for identification.

"*Q.* Did you look at the check, at all?

"*A.* Yes, I looked at it.

"*Q.* Did you see that endorsement at that time?

"*A.* Yes, I did.

"*Q.* And what was Mr. Mask's action, response when you asked for identification?

"*A.* He told me he didn't have any.

"*Q.* What did you do at that point, sir?

"*A.* I couldn't take the check.

"*Q.* Now after that time, did anyone else enter the station?

"*A.* After that time, Mr. Lonnie entered."

The witness was referring to a Mr. Willie Lonnie, a friend of defendant's, who stated that he would

endorse the check and in fact did so in the presence of the witness. Mr. Lonnie endorsed his name and added his driver's license number and address. Mr. Cooper agreed to cash the check, stating that he would have to go and get the money. He left the defendant and Lonnie standing at the counter while he went and called the police. After 15 minutes, the police arrived with the defendant and Lonnie still standing at the counter. It was soon determined that the check had been stolen and that the payee's name (Stephen W. Wood) had been forged thereon. Although the defendant never expressly stated that he was the payee, Stephen W. Wood, the witness Cooper apparently was led to believe that he was.

The defendant raises four issues on appeal, only one of which deserves discussion. Defendant contends that the trial court committed reversible error by denying his motion for a directed verdict on the grounds that the evidence produced at trial was insufficient as a matter of law to convict defendant of the charge. This question comes down to the issue of whether a jury can be permitted to infer criminal intent from the fact that defendant presented a prior endorsed check to be cashed, did not explain to the cashier that he was not the payee and carried no identification.

Circumstantial evidence and reasonable inferences drawn therefrom can be sufficient to uphold a conviction. *People v Brown,* 42 Mich App 608; 202 NW2d 493 (1972). Where there is sufficient evidence presented at trial to justify the jury's verdict, that verdict is final and will not be disturbed on appeal. *People v Harper,* 43 Mich App 500, 509; 204 NW2d 263, 268-9 (1972), *lv den,* 389 Mich 759 (1973). In the case of *People v Fields,* 30 Mich App 264; 186 NW2d 77 (1971), the defendant

asked a clerk at a clothing store if she would cash his girl friend's check for $139 which showed a purported endorsement of the payee on the back of the check. The clerk told the defendant that if he would sign the check, put his name and address on it, and produce his driver's license, she would cash the check. The defendant then said that his girl friend wouldn't want him to sign her check or put his name on it. He took the check and left without purchasing anything. At trial the payee testified that she had not endorsed the check, that she had never received the check and that she did not know the defendant. Clearly, from evidence that the defendant falsely represented that he was a friend of the payee the jury could be permitted to infer that the defendant had the requisite criminal intent to be convicted of uttering and publishing a forged instrument.

The instant case is somewhat more difficult, however, because there was no express statement by defendant upon which the jury could have concluded that he possessed the requisite criminal intent. The witness, Mr. Cooper, apparently believed that the defendant was tacitly representing himself to be the payee. Further, the jury apparently concluded, based on all the facts and circumstances, that the defendant intended to mislead Mr. Cooper into thinking that he was the payee and that he had already endorsed the check. I am certain that the strange and unexplained inability of the defendant to produce any identification combined with the other circumstances in this matter did present a question of fact for the jury as to whether the defendant had the requisite criminal intent to defraud and knowledge that the instrument was forged.

Defendant argues that in order to constitute a

sufficiency of evidence when the evidence is circumstantial, the prosecution must negate every reasonable theory consistent with the defendant's innocence of the crime charged. *People v Davenport,* 39 Mich App 252; 197 NW2d 521 (1972). Similar language is found in the recent case of *People v Wingfield,* 62 Mich App 161; 233 NW2d 220 (1975). In *Wingfield,* the defendant was convicted by a jury of larceny in a building upon evidence tending to show that the defendant was left alone in a service station, that money was there when he entered and gone when he left, and that no one else was in the station prior to the money being stolen. I find these cases inapposite to the case at bar and the language contained therein inappropriate to the facts of the instant case.

By unanimous decision this Court affirmed the conviction of the defendant in the case of *People v Peace,* 48 Mich App 79; 210 NW2d 116 (1973), where the prosecution was able to show that a money order was forged, that two parties were at the scene of the crime, one waiting in an automobile while the other cashed the money order; the license plates on the vehicle were found to be issued to the defendant, and a fingerprint expert testified that he found two of defendant's prints on the money order. The facts of that case are certainly no more compelling than the facts of the instant one.

I believe that the testimony regarding the behavior and actions of the defendant in attempting to cash a forged check were sufficient to present a question of fact for the jury of whether he knew the check was forged, and whether he had an intent to defraud.

I have examined defendant's other allegations of error and find them to be without merit.

I would affirm this conviction.