PEOPLE v RECORDER'S COURT JUDGE

(IN THE MATTER OF KEVIN G. FERGUSON)

1. Trial—Judges—Opening Statement—Dismissal—Civil Actions.

A trial judge in. a civil case may dismiss the case against a defendant after hearing the plaintiff's opening argument.

2. Criminal Law—Trial—Judges—Dismissal—Opening Statement —Directed Verdict.

A trial judge in a criminal action may dismiss the action against a defendant after the prosecutor's opening statement where there clearly would be no basis on which to convict the defendant even if the prosecutor presented and proved all facts he intended to prove; however, such practice should be used sparingly and only after careful judicial consideration, and should be discouraged where a jury has been called.

3. Criminal Law—Directed Verdict—Dismissal—Double Jeopardy —Bench Trial—Jury Trial.

The prosecution is not proscribed, on double jeopardy grounds, from retrying a defendant where the defendant obtains a dismissal in a bench trial before evidence is heard; however, a dismissal in a jury trial, even if erroneous, will bar reprosecution on the grounds of double jeopardy.

Original action in the Court of Appeals. Submitted June 21, 1977, at Detroit. (Docket No. 30667.) Decided September 21, 1977. Leave to appeal applied for.

Complaint in the Court of Appeals by the people against Detroit Recorder's Court Judge, George W.

References for Points in Headnotes

[1] 24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit § 55.

[2] 75 Am Jur 2d, Trial §§ 508, 509.

Dismissal, nonsuit, judgment, or direction of verdict on opening statement of counsel in civil action. 5 ALR3d 1405.

[3] 21 Am Jur 2d, Criminal Law § 194.

76 Am Jur 2d, Trial § 1089.

Crockett, Jr., for an order of superintending control vacating the judge's grant of a motion to dismiss a prosecution and for an order directing that the criminal cause against Kevin G. Ferguson be reinstated. The complaint was considered as an application for delayed appeal in the criminal case. Leave granted. The trial court's order of dismissal is affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Larry L. Roberts,* Assistant Prosecuting Attorney, for the people.

*Alphonso R. Harper,* for defendant Judge Crockett, Jr.

Before: D. C. RILEY, P. J., and BASHARA and P. R. MAHINSKE,* JJ.

BASHARA, J. The plaintiff, by the Wayne County Prosecuting Attorney, appeals from an order granting defendant's motion to dismiss. Defendant was charged with unlawfully driving away a motor vehicle, MCLA 750.413; MSA 28.645, and receiving and concealing stolen property over the value of $100, MCLA 750.535; MSA 28.803.

At the commencement of defendant's bench trial the prosecuting attorney made his opening statement as follows:

"Your Honor, through testimony the People expect to show that on November 4, 1974, about 12:30 in the afternoon, Robert Fair parked his 1972 Ford coach in a Wrigley parking lot at Oakman Boulevard and Grand River in the City of Detroit, and came out of the store

---

* Circuit judge, sitting on the Court of Appeals by assignment.

and his car was gone. He made a report about the stolen car, his missing car.

"About two hours later officers Hammerle and Cochran saw the vehicle driving down the street in the City of Detroit and stopped the vehicle on Fullerton near Sorrento. That as they stopped the vehicle, the driver of the vehicle jumped out of the car and ran away; one officer caught him; and the defendant got out of the passenger's side of the car, put his hands up in the air, said, 'Don't shoot.' They noticed—they looked inside the car, noticed the ignition, on the right side of the steering column, there was no key in it, there was no key in it and that the ignition could turn freely and the car was driving without a key. As a result we contend that the defendant was in possession of a stolen vehicle that was being driven shortly after the theft."

Immediately thereafter, defense counsel made a motion to dismiss on the grounds that if the prosecutor proved everything he indicated he was going to prove, the evidence would be insufficient to support a finding of guilt as to either charge. A discussion ensued between the court and respective counsel. The prosecutor agreed that he could prove nothing more than that alleged in his opening statement.

It is plaintiff's contention that the trial judge abused his discretion by dismissing charges before hearing any of the evidence which the state had to present. Plaintiff conceded that in civil cases a trial judge may dismiss the case against defendants after hearing the plaintiff's opening statement. *Easley v Mortensen,* 370 Mich 115; 121 NW2d 420 (1963), *Vida v Miller Allied Industries, Inc,* 347 Mich 257; 79 NW2d 493 (1956), *Spicer v Bonker,* 45 Mich 630; 8 NW 518 (1881).

We agree with the trial court. There is no sound reason why the trial judge should be precluded from dismissing a case against a defendant after

the prosecutor's opening statement. In the instant case the prosecutor's argument and his subsequent amplification clearly indicated the state had no real basis to proceed against the defendant.

The prosecutor was unable to demonstrate to the trial judge's satisfaction that any of the proofs would negate the logical inference that the driver of the car, rather than the defendant passenger, had stolen the vehicle. Additionally, the prosecutor conceded that he had no evidence to show that the defendant even knew the vehicle had been stolen. Clearly, had the prosecutor presented and proved all the facts he intended to prove, there would be no basis on which to convict the defendant. *People v Mask,* 68 Mich App 104; 241 NW2d 777 (1976).

Having extended the civil rule to the criminal arena, we should not stop at this juncture. We must admonish the bench and bar that, as in civil cases, the practice of immediate dismissal after opening argument should be used sparingly and only after careful judicial consideration. As was stated in *Spicer, supra:*

> "The circuit judge must not take advantage of mere accidental or inadvertent omissions as the defendant may when submitting the case after the proofs are all in; but if the case stated is sufficient except upon some particular point, should direct attention to that point that the counsel may have opportunity to make his case more complete if he had unintentionally omitted anything. * * * It would be inexcusable in [sic] a trial judge, under such circumstances, to turn the plaintiff out of court without first giving him the opportunity to perfect his opening after calling his attention to the omission." 45 Mich at 632–633.

Moreover, we would discourage the use of such dismissals where a jury has been called. In criminal cases, the province and powers of the jury as

the conscience of the community should rarely, if ever, be usurped by the trial court.[1]

We must also emphasize that where a dismissal is obtained in a bench trial, before evidence is heard, the prosecutor is not proscribed, on grounds of double jeopardy, from retrying the defendant. *Serfass v United States,* 420 US 377; 95 S Ct 1055; 43 L Ed 2d 265 (1975), *People v Alvin Johnson,* 396 Mich 424, 431, n 3; 240 NW2d 729, 733, n 3 (1976).

Affirmed.

[1] It should also be noted that an erroneous dismissal in a jury trial, unlike a bench trial, will bar reprosecution on the grounds of double jeopardy. *See People v Alvin Johnson,* 396 Mich 424, 431, n 3; 240 NW2d 729, 733, n 3 (1976).